35 Cal.App.3d 987 (1973)
111 Cal. Rptr. 878
THE PEOPLE, Plaintiff and Respondent,
v.
JUAN A. ACUNA, Defendant and Appellant.
Docket No. 23221.
Court of Appeals of California, Second District, Division One.
December 7, 1973.
*988 COUNSEL
Joseph Sack, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.
*989 OPINION
LILLIE, Acting P.J.
Defendant and codefendant Freida Alford were charged with possession for sale of a narcotic, heroin (§ 11500.5, Health & Saf. Code). Defendant moved to suppress the evidence under section 1538.5, Penal Code, and to disclose the identity of the confidential informant. Subsequent to the denial of both motions he withdrew his plea of not guilty and entered a plea of guilty to a violation of section 11500, Health and Safety Code, a lesser but necessarily included offense. He appeals from the judgment. The appeal is based on the trial court's refusal to order disclosure of the identity of the informant.
No evidence was taken on the discovery motion; however the reporter's transcript of the oral proceedings had on the motion reflects a unanimity of understanding of the following facts apparently contained in the affidavit supporting the search warrant (before the trial court but not part of the record on appeal) and the reporter's transcript of testimony taken at the preliminary hearing (before neither the trial court nor this court).
A confidential informant gave information to Sergeant Carter, the investigating officer, that at a certain address and in the presence of defendant he had made a purchase of narcotics from codefendant Alford wherein she made "a hand-to-hand sale" to him; and that thereafter between August 29 and September 5, 1972, he saw defendant (presumably at the residence where the sale took place). Subsequently a search warrant was issued on the basis of an affidavit[1] containing among other things information given to Sergeant Carter by the informant. On September 8, 1972, the search warrant was served at the residence at which defendant was present, and on his person in his pants pocket police found three balloons of heroin; the informant was not present; a dish containing 5.9 grams of heroin and narcotic paraphernalia were found in the residence. The heroin on defendant's person was possessed by him for sale in light of the manner in which it was packaged and the quantity of contraband in each ballon.
(1a) During argument on the motion the prosecutor represented that on the trial the People's case would exclude any past transaction between the informant and codefendant Alford and anything the informant saw prior to and which formed the basis for the issuance of the search warrant; and that the People's entire case of possession for sale of heroin against *990 defendant would be based solely upon the three balloons found in his pants pocket on September 8. "I expect that the officer's opinion  I expect him to testify that his opinion [defendant] possessed the heroin for sale [is] based on the three balloons alone. The manner in which they were packaged suggests they were possessed for sale. Just the very manner of their packaging is, let alone the quantity."[2] On the foregoing representations the trial court denied the motion.[3]
(2) "When it appears from the evidence that an informer is a material witness on the issue of defendant's guilt, the informer's identity may be helpful to the defendant and nondisclosure would deprive him of a fair trial. (Honore v. Superior Court, 70 Cal.2d 162, 167 [74 Cal. Rptr. 233, 449 P.2d 169].) The People must either disclose the informer's identity or incur a dismissal. (People v. Garcia, 67 Cal.2d 830, 836 [64 Cal. Rptr. 110, 434 P.2d 366]; People v. McShann, 50 Cal.2d 802, 808 [330 P.2d 33].)
(3) "The defendant need not prove that the informer would give testimony favorable to the defense in order to compel disclosure of his identity, nor need he prove that the informer was a participant in or even an eyewitness to the crime. The defendant's `burden extends only to a showing that "in view of the evidence, the informer would be a material witness on the issue of guilt and non-disclosure of his identity would deprive the defendant of a fair trial." (People v. Williams (1958) 51 Cal.2d 355, 359 [333 P.2d 19].) "That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration."'" (Price v. Superior Court, 1 Cal.3d 836, 842-843 [83 Cal. Rptr. 369, 463 P.2d 721]; People v. Goliday, 8 Cal.3d 771, 777 [106 Cal. Rptr. 113, 505 P.2d 537]; Theodor v. Superior Court, 8 Cal.3d 77, 88 [104 Cal. Rptr. 226, 501 P.2d 234]; People v. Hunt, 4 Cal.3d 231, 239 [93 Cal. Rptr. 197, 481 P.2d 205]; Honore v. Superior Court, 70 Cal.2d 162, 168 [74 Cal. Rptr. 233, 449 P.2d 169]; People v. Garcia, 67 Cal.2d 830, 840 [64 Cal. Rptr. 110, 434 P.2d 366].)
*991 (1b) The prosecution evidence[4] against defendant is that on September 8, when the search warrant was executed, defendant was in the apartment and on his person in his pants pocket were three balloons of heroin which he had for the purpose of sale. Such evidence establishes every element of the offense of possession for sale of a narcotic, heroin,  defendant had actual personal possession of the contraband and dominion and control over it with knowledge of its character (in light of the circumstances here "the mere possession of a narcotic constitutes substantial evidence that the possessor of the narcotic knew of its nature. [Citations.]" [People v. White, 71 Cal.2d 80, 83 (75 Cal. Rptr. 208, 450 P.2d 600); People v. Williams, 5 Cal.3d 211, 216 (95 Cal. Rptr. 530, 485 P.2d 1146); People v. Simmons, 19 Cal. App.3d 960, 965 (97 Cal. Rptr. 283); People v. Shipstead, 19 Cal. App.3d 58, 77 (96 Cal. Rptr. 513)]; and such possession was for the purpose of sale ("In cases involving possession of marijuana and heroin, it is settled that an officer with experience in the narcotics field may give his opinion that the narcotics are held for purposes of sale based upon matters such as quantity, packaging, and the normal use of an individual. On the basis of such testimony convictions of possession for purposes of sale have been upheld. (People v. Martin, 247 Cal. App.2d 416, 420-421 [55 Cal. Rptr. 627]; People v. Aguilar, 232 Cal. App.2d 173, 178 [42 Cal. Rptr. 666].)" [People v. Hunt, 4 Cal.3d 231, 237 (93 Cal. Rptr. 197, 481 P.2d 205); People v. Newman, 5 Cal.3d 48, 53 (95 Cal. Rptr. 12, 484 P.2d 1356).] Applying the principles set forth in Price v. Superior Court, supra, 1 Cal.3d 836, 842-843, to the foregoing facts, defendant has demonstrated no "reasonable possibility" that the informant could give evidence that might exonerate him. The informant was neither an eyewitness nor a participant and clearly not a material witness on the issue of guilt.
Appellant's argument that the informant can clarify important questions such as whether the narcotic was his and if so, whether he possessed it for sale, is predicated on the false premise that the basis of the charge of possession for sale is the heroin found in the dish on a table in the apartment where he was present. The information charges defendant with possession for sale of a narcotic, heroin, on September 8, 1972; the sole basis of defendant's violation is the heroin in the three balloons found in his pocket. Thus it is irrelevant that the heroin found in the dish might have belonged *992 to someone else. And for the same reason any testimony of the informant that defendant was not involved in the prior sale between him (informant) and codefendant Alford eight days before, or that defendant was a mere visitor to the apartment, or that he had purchased narcotics at the apartment several times before and had never seen defendant on any of those occasions, or that codefendant Alford was the only resident of the apartment during the time preceding the search, is irrelevant. A conviction of the charge against defendant is not dependent upon any of the foregoing nor, in light of the fact the heroin was found in defendant's pants pocket, would any such testimony negate any element of the offense. Even were it a fact that defendant was not present at the transaction between informant and Alford, was not present at prior purchases of heroin by the informer at the apartment and was only a visitor, in our view of the evidence there is no reasonable possibility that it could affect the issue of defendant's guilt or aid him in his exoneration. No element of the present charge is based on any prior transaction or his occupancy of the apartment. Nor has appellant demonstrated how any testimony of the informant might aid him in showing he "never possessed the heroin for sale." There is not the slightest possibility that the informant planted the narcotic, nor does defendant make such a claim, and defendant has offered no explanation for the presence of the heroin in his pocket. (People v. Goliday, 8 Cal.3d 771, 782 [106 Cal. Rptr. 113, 505 P.2d 537]; People v. Kilpatrick, 31 Cal. App.3d 431, 438 [107 Cal. Rptr. 367].)
In each case relied on by appellant (Theodor v. Superior Court, 8 Cal.3d 77 [104 Cal. Rptr. 226, 501 P.2d 234]; Price v. Superior Court, 1 Cal.3d 836 [83 Cal. Rptr. 369, 463 P.2d 721]; Honore v. Superior Court, 70 Cal.2d 162 [74 Cal. Rptr. 233, 449 P.2d 169]; People v. Garcia, 67 Cal.2d 830 [64 Cal. Rptr. 110, 434 P.2d 366]) there existed a reasonable possibility that the informant might testify in a manner that would exonerate the defendant, and in each case defendant demonstrated that the informer's testimony might negate an essential element of the crime with which he was charged, bear on the issue of his guilt or aid him in some way. Appellant has made no such showing here; it must encompass more than mere speculation. (People v. Martin, 2 Cal. App.3d 121, 127 [82 Cal. Rptr. 414].) There is no adequate basis to compel disclosure of the identity of the informant; he simply pointed the finger of suspicion at defendant and put in motion the wheels of investigation which resulted in the search warrant but he played no part in the criminal act with which defendant is charged, and he is not a material witness on the issue of guilt. (People v. Shipstead, *993 19 Cal. App.3d 58, 74 [96 Cal. Rptr. 513]; People v. Martin, 2 Cal. App.3d 121, 128 [82 Cal. Rptr. 414].)
The judgment is affirmed.
Thompson, J., and Hanson, J., concurred.
NOTES
[1] On motion pursuant to section 1538.5, Penal Code, defendant challenged the sufficiency of the affidavit supporting the search warrant; the motion was denied. No issue relative to this motion is before us.
[2] It appears that at the preliminary hearing the officer gave his opinion that the heroin was possessed for sale on the basis of the heroin found in the residence  a total of seven grams  but "the opinion was also based upon the fact of the manner in which the three balloons were packaged." On the hearing on the motion the prosecutor represented to the trial court that the People intended to rely solely on the three balloons found on defendant's person.
[3] In refusing discovery the trial court stated, "how in the world can the informant add one way or subtract one thing from what happened, we'll just say arbitrarily, eight days later? I don't see it. I don't see how the informant can in any way benefit the defendant and the defense has failed to satisfy the Court."
[4] Although as stated in People v. Garcia, 67 Cal.2d 830, 838, fn. 8 [64 Cal. Rptr. 110, 434 P.2d 366], and urged by appellant, that "an informant may be a material witness for the defense whose disclosure is necessary to a fair trial even though the prosecution seeks to make no substantive use of information provided by such informant to prove the guilt of the accused," this does not relieve defendant of his burden of demonstrating a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in his exoneration.