[Crim. No. 27814. Second Dist., Div. Five. Sept. 14, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
ADELIA AGUILERA, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Jay J. Becker, Deputy District Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—By information defendant was charged with possession for sale of heroin in violation of Health and Safety Code section 11351. A pretrial hearing was held on defendant's motion to compel disclosure of

the identity of a confidential informant. The trial court ruled that disclosure was required and, when the People exercised the privilege to refuse disclosure, the trial court ordered that the charge be reduced to simple possession of heroin in violation of Health and Safety Code section 11350.[1] The People appeal.[2]

The evidence before the court consisted of the transcript of the preliminary hearing, the affidavit for a search warrant, and Officer Maytorena's testimony at the hearing on the motion, which was held in open court. The preliminary hearing testimony indicated that on April 16, 1975, in the afternoon or early evening Los Angeles Police officers served a search warrant at defendant's residence on East 22d Street in Los Angeles. Officer Maytorena went to the front door; Officer Van Gelder was stationed at the rear door. Officer Maytorena announced his identity and purpose and sought admission. Upon hearing Officer Maytorena's announcement, Officer Van Gelder observed defendant through a window in the rear door. Defendant was walking rapidly toward the rear door until she observed Officer Van Gelder, then she stopped, turned, and ran towards the bathroom. Officer Van Gelder yelled to Officer Maytorena, ". . . she is running toward the bathroom," and both officers forced entry to prevent destruction of evidence.

Officer Maytorena observed defendant, her right hand clenched, run into the bathroom. He then observed her throw an aluminum foil bindle into the toilet and attempt to flush it. Officer Maytorena retrieved the object before it was flushed. The bindle contained 6 balloons and 11.3 grams of powder containing heroin. In the kitchen the officers found a bottle of lactose, a funnel, a strainer, a measuring spoon, and a bag of balloons. In Officer Maytorena's opinion, the heroin was possessed for purposes of sale based upon the quantity, the packaging, the paraphernalia, and "the fact that the defendant is not a narcotics user." Various keys and documents showing that the residence was defendant's were also introduced into evidence. At the time of the search, there was at least one other person, a female, in the residence.

The search warrant was based on an affidavit by Officer Maytorena. The affidavit stated that on April 10 or 11, 1975, a confidential informant

---

[1]See Evidence Code, sections 1041, 1042; *People v. Long,* 42 Cal.App.3d 751, 756-758 [117 Cal.Rptr. 200]; *People v. Borunda,* 58 Cal.App.3d 368, 375 [129 Cal.Rptr. 923].

[2]See *People v. McKee,* 267 Cal.App.2d 509, 513 [73 Cal.Rptr. 112].

indicated that he had been purchasing heroin at this address for approximately three years, from a described female Mexican known as Weda. The informant was skin-searched and given $25 in city funds. He was surveiled as he approached the rear door of the location, knocked, and had a brief conversation with Weda.[3] Weda walked away from the door and then a described male Mexican known as Chino appeared at the back door. The informant then returned to the police vehicle and handed over a package containing heroin. The informant told Officer Maytorena that Weda said something in Spanish to Chino, that Chino walked to the front part of the house and returned with the package, and sold it to the informant for $25.

A hearing was held in open court on the motion to compel disclosure of the informant's identity. Officer Maytorena testified briefly at this hearing that he had known defendant many years and had been to her home many times, and that the person known as Chino was defendant's oldest son. The court expressed the opinion that as to the element of possession for purposes of sale, the defense had shown sufficient grounds to compel disclosure of the informant's identity. The court stated: ". . . The informant might be able to say that somebody else was dealing out of the house and that this lady was not the person doing the dealing. The observations made by the officers as disclosed here, the involvement of the defendant on that occasion, on other occasions, which the informant might know something about would be material with respect to the intent with which she appeared to be in possession of that stuff, the six balloons, or whatever it was, at the time she was apprehended in the house." The court stated that therefore the People must either disclose the identity of the informant or reduce the charge to simple possession.

The prosecutor then requested that the court hold an *in camera* hearing pursuant to subdivision (d) of Evidence Code section 1042, at which "we will produce in your chambers the informant, and the Court would then have an opportunity to question the informant in any manner it wishes. [¶] I have no objection to counsel submitting questions that he might like you to ask for you to ask this informant, so that the Court can determine whether or not in actuality there is any evidence that this informant could give which would tend to prove the innocence of the defendant, and withhold making a final ruling on the motion until that time."

[3]Both defendant and her residence were familiar to the officers. Defendant is the suspect identified as Weda.

The court refused, stating simply, "I'm not going to in this case. [¶] All right. What are you going to do?" At that point the People exercised their privilege and the trial court made the order reducing the charge.

The People contend that under Evidence Code section 1042, subdivision (d), the trial court erred in failing to hold an *in camera* hearing as requested by the People. We agree and therefore we reverse the order.

## DISCUSSION

In these types of cases it is the court's responsibility to resolve two important conflicting interests: The public interest in maintaining the confidentiality of police informants and the defendant's interest in access to information which might tend to exonerate him.

"The common-law privilege of nondisclosure is based on public policy. 'The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.' [Citation.] The informer is thus assured of some protection against reprisals. The use of informers is particularly effective in the enforcement of sumptuary laws such as those directed against gambling, prostitution, or the sale and use of liquor and narcotics. Disclosure of the informer's identity ordinarily destroys his usefulness in obtaining information thereafter." (*People* v. *McShann,* 50 Cal.2d 802, 806 [330 P.2d 33].)

However, where there is a reasonable possibility that the informant could give evidence on the issue of guilt which might result in the defendant's exoneration of the crime charged, the defendant's interest outweighs the public interest in nondisclosure, and the court must order disclosure or make other appropriate orders if the People exercise the nondisclosure privilege. (*People* v. *Garcia,* 67 Cal.2d 830, 840 [64 Cal.Rptr. 110, 434 P.2d 366]; *Price* v. *Superior Court,* 1 Cal.3d 836, 842-843 [83 Cal.Rptr. 369, 463 P.2d 721].)

The privilege to refuse disclosure is now embodied in Evidence Code sections 1041 and 1042. (*People* v. *Goliday,* 8 Cal.3d 771, 777 [106 Cal.Rptr. 113, 505 P.2d 537].) Section 1042, subdivision (d), enacted in 1969, now provides the courts with a method for determining whether

nondisclosure of the informant's identity would deprive the defendant of a fair trial. (*People* v. *Goliday, supra,* at p. 777, fn. 5; *People* v. *Pacheco,* 27 Cal.App.3d 70, 80 [103 Cal.Rptr. 583].)

Under the statute the court is to hold an adversary hearing on the issue of disclosure, and, if requested by the People, an *in camera* hearing from which the defendant and defense counsel will be excluded. The court is not to order disclosure, strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding "unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."[4]

Since the crucial question as to disclosure is whether the informant could give testimony on the issue of guilt which would exonerate the defendant, the procedure contained in this statute is highly advantageous and provides a method of eliminating the "guessing game" qualities which have often attended these determinations. (*People* v. *Pacheco, supra.*) It allows the prosecutor to produce the informant *in camera* so that the court can determine just what the informant knows, and whether his testimony would be material on the issue of guilt. If his testimony at the *in camera* hearing shows that there is no reasonable possibility the

[4]Evidence Code section 1042, subdivision (d), provides in full as follows:

"When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial. A reporter shall be present at the in camera hearing. Any transcription of the proceedings at the in camera hearing, as well as any physical evidence presented at the hearing, shall be ordered sealed by the court, and only a court may have access to its contents. The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."

informant could aid the defense, the public interest in nondisclosure of his identity can be preserved without any infringement on the defendant's right to a fair trial. (*People* v. *Pacheco, supra,* 27 Cal.App.3d 70, 79-81; *People* v. *Joiner,* 54 Cal.App.3d 910, 912 & fn. 2 [127 Cal.Rptr. 166]; *People* v. *Doran,* 24 Cal.App.3d 316, 320 [100 Cal.Rptr. 886];[5] see *People* v. *Kilpatrick,* 31 Cal.App.3d 431, 435, 436 [107 Cal.Rptr. 367]; *People* v. *Tolliver,* 53 Cal.App.3d 1036, 1042-1043 [125 Cal.Rptr. 905]; see also *People* v. *Castro,* 42 Cal.App.3d 960, 963 [117 Cal.Rptr. 295]; *People* v. *Johnson,* 13 Cal.App.3d 742, 747 [92 Cal.Rptr. 105].)

Thus in *People* v. *Pacheco, supra,* the appellate court read the transcript of the proceedings of the *in camera* hearing and concluded that the trial court properly denied disclosure because the transcript "clearly indicates that the knowledge the informant has could not possibly benefit defendant. On the contrary, his obervations at Apartment C would fully support the testimony of the witnesses Marzan and Kaufmann to the effect that defendant resided there, sold contraband and owned that taken in the raid. [¶] . . . A reading of the transcript of the *in camera* hearing leaves no doubt that the informant's information could be of no help to defendant, and that the concealment of his identity could not possibly deprive defendant of a fair trial. Assuming, however, that there is a bare possibility that the informant's information could possibly benefit defendant, that benefit would be of so little value that it should not be weighed against the great harm to the public and to the informant which would result from the disclosure of the informant's identity."

The court in *Pacheco* also upheld the constitutionality of the two-part procedure specified in section 1042, subdivision (d): The *in camera* proceeding is only one part of the hearing which is otherwise required to be in open court with the presence of the defendant and defense counsel. (*Id.,* at pp. 81-83. See also *People* v. *Superior Court (Biggs),* 19 Cal.App.3d 522, 531 & fn. 14 [97 Cal.Rptr. 118].)

It would defeat the basic purpose of section 1042, subdivision (d), to permit the trial court in this case to refuse to hold the requested *in*

---

[5]Overruled on other grounds in *People* v. *Beamon,* 8 Cal.3d 625, 629 footnote 2 [105 Cal.Rptr. 681, 504 P.2d 905]; and in *Evans* v. *Superior Court,* 11 Cal.3d 617, 625 footnote 6 [114 Cal.Rptr. 121, 522 P.2d 681].

*camera* hearing. In the recent case of *In re Muszalski,* 52 Cal.App.3d 475 [125 Cal.Rptr. 281], a prisoner desired to examine documents in his file as to which the Department of Corrections claimed a privilege on the ground that disclosure of the documents could endanger an informant. The trial court refused the department's request for an *in camera* hearing to present testimony concerning the confidentiality of the documents, pursuant to Evidence Code section 915, subdivision (b). The appellate court held the trial court abused its discretion in refusing to entertain an *in camera* hearing. The court stated: ". . . If an *in camera* hearing pursuant to Evidence Code, section 915, subdivision (b), is the only means available to the Department to meet its burden of proof without disclosing the very information claimed to be confidential, it would constitute an abuse of discretion to refuse Department's request for an *in camera* hearing." (52 Cal.App.3d at p. 483.)

The refusal to entertain the motion in the instant case presents a greater error than in *Muszalski* because, while the *Muszalski* court recognized Evidence Code section 915, subdivision (b), to be permissive (*id.,* at p. 482), the language of Evidence Code section 1042, subdivision (d), is mandatory: "[T]he prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court *shall* hold such a hearing outside the presence of the defendant and his counsel." (Italics added.)[6]

Here it is quite possible that the testimony of the informant at an *in camera* hearing would, as in *People* v. *Pacheco, supra,* 27 Cal.App.3d 70, 80, show that the informant could give no testimony that someone else and not defendant was engaged in sales at the residence or that defendant did not possess the heroin for purposes of sale.[7] The trial court

---

[6]Although the language of section 1042, subdivision (d), is mandatory, it is conceivable that the circumstances of a particular case might be such that it would be an idle act to conduct an *in camera* hearing; for example, where the informant is a percipient witness to the crime charged.

[7]In fact it is arguable that even if the informant could testify that someone other than defendant was engaged in sales at the residence, it would be irrelevant and could not help defendant, since the charge was based on a commercial quantity, commercially packaged, which she held in her own hand. (See *People* v. *Rodgers,* 54 Cal.App.3d 508, 518-519 [126 Cal.Rptr. 719]; *People* v. *Acuna,* 35 Cal.App.3d 987, 992 [111 Cal.Rptr. 878].) On the other hand, it might also be argued that such testimony could nevertheless be material in the particular circumstances of this case, i.e., there was a sudden police raid, someone else was in the house at the time, and the officer's opinion of possession for sale was based not only on the quantity found on defendant's person but also on the paraphernalia found elsewhere in the house. (See *People* v. *Long, supra,* 42 Cal.App.3d 751, 755-756 & fn. 6.)

erred in refusing to entertain the People's request for an *in camera* hearing.

The order is reversed and the cause remanded for further proceedings consistent with this opinion.

Stephens, Acting P. J., and Hastings, J., concurred.