[Crim. No. 35448. Second Dist., Div. One. Dec. 26, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
PAUL WILLIAM REEL, Defendant and Respondent.

416

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, for Plaintiff and Appellant.

Donald M. Re and Peter L. Knecht for Defendant and Respondent.

OPINION

LILLIE, Acting P. J.—Defendant was charged as an ex-felon with possession of concealable firearm. During hearing on his motions pursuant to Penal Code section 1538.5 and to quash and traverse search warrant,

defendant moved to compel disclosure of an informant's identity. At the conclusion of the hearing the court granted the motion whereupon the prosecutor requested an *in camera* hearing which the trial court denied. Upon the People's failure to disclose the identity of the informant, the court dismissed the information. The People appeal from the order.

On May 20 Officer Miller went to defendant's apartment, number 703 on Argyle Avenue where he executed a search warrant. The affiant officer (Officer Miller) alleged in the affidavit in support of the warrant that a confidential reliable informant told him that within the past 72 hours he had been inside of apartment 703 and had seen and examined a light brown powder in a cellophane container which defendant told him was, and he knew to be, heroin, and defendant told him he was going to sell it. Officer Miller testified that the informant told him he had been in defendant's apartment 36 hours prior to the signing of the warrant.

During the search of apartment 703, Officer Miller observed in plain sight a clear plastic bag containing three handguns—.357 magnum, .38 caliber revolver and .38 caliber automatic—on the floor at the end of the arm of the couch in the living room. It is not denied that defendant lived there.

Nothing in the affidavit or testimony indicates that the informant had mentioned anything to the police about firearms.

For the defense Norma Babs testified that around May 1 she purchased the handguns at a swap meet; her husband did not want them in the house and "on a Wednesday around the 18th" of May she took them to defendant's apartment in an opaque plastic bag and placed it inside his kitchen cupboard; she did not see defendant. Defendant testified that on May 16 he went to Babs' residence and said he was on his way to Mexico to visit friends where he remained three or four days; he returned to his apartment and found the search warrant on the wall; when he left he did not observe any handguns in his apartment.

Defendant contended in the trial court that the handguns belonged to Babs and had been placed in his apartment without his knowledge while in Mexico. His theory for disclosure of the identity of the informant was that the informant having been in his apartment 36 hours earlier might be able to shed light on whether he possessed the firearms—

whether the guns in fact were "hanging out from under the bed," whether defendant was the Paul Reel he saw there, whether he saw Paul Reel "manipulating any guns" and whether any guns "were standing upon on the floor at that time and in plain view with Paul Reel's knowledge."

The trial court granted the motion to disclose on the sole issue "When did those guns get there," whereupon the prosecutor "On that single issue" asked leave of court to have an *in camera* hearing, "have the informant brought in some time in chambers, have the court inquire of the informant whether or not the informant was ever in a position to see handguns, whether he did in fact see handguns, etc." The request for an *in camera* hearing was denied by the court because "you are asking me to be the fact-finder, the prosecutor, the defense and the judge....I don't think it is the function or the procedure for me to make a factual determination on how much that man did or did not see when he was there 36 hours before. That is up to the trial court." The court then found the confidential reliable informant to be a material witness and dismissed the information.

 Given the evidentiary and procedural posture of the case before the trial court, it is clear that the trial judge misconceived his duty under section 1042, subdivision (d), Evidence Code, and his refusal to entertain the *in camera* hearing constituted reversible error. Both the statutory language and case authority support the requirement that the trial court, when the prosecutor makes a proper request therefor, hold an *in camera* hearing.

Section 1042, subdivision (d), Evidence Code sets up the method for determining whether nondisclosure of the informant's identity would deprive the defendant of a fair trial, and establishes procedures including *in camera* disclosures to aid the trial court in determining whether the section 1041 privilege applies. (*People v. Goliday*, 8 Cal.3d 771, 777, fn.5 [106 Cal.Rptr. 113, 505 P.2d 537].)

First, the language of section 1042, subdivision (d) relating to the *in camera* hearing is mandatory. (*People v. Aguilera*, 61 Cal.App.3d 863, 870, fn.6 [131 Cal.Rptr. 603].) Section 1042, subdivision (d) provides that when a defendant demands disclosure of the identity of an informant on the ground he is a material witness on the issue of guilt, the court shall conduct an adversary hearing on the issue of disclosure.

During such hearing, if the privilege under section 1041 is claimed, "the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court *shall* hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial. . . . The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the [*in camera*] hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (§ 1042, subd. (d), Evid. Code, italics added.)[1]

Second, the cases establish that if the prosecutor makes request therefor the court must entertain the *in camera* hearing provided for in section 1042, subdivision (d). The *in camera* hearing is a highly advantageous procedure providing an expanded evidentiary base for the trial court's determination. (*People v. Coleman*, 72 Cal.App.3d 287, 298 [139 Cal.Rptr. 908].) "'It allows the prosecutor to produce the informant *in camera* so that the court can determine just what the informant knows, and whether his testimony would be material on the issue of guilt.' (*People v. Aguilera*, 61 Cal.App.3d 863, 868 [131 Cal.Rptr. 603]; *People v. Pacheco*, 27 Cal.App.3d 70, 82 [103 Cal.Rptr. 583].) If such a request is made, the court must entertain the same and hold such a hearing outside the presence of the defendant and his counsel. (§ 1042, subd. (d), Evid. Code; *People v. Aguilera*, 61 Cal.App.3d 863, 870 [131 Cal.Rptr. 603].)" (*People v. Ingram* 87 Cal.App.3d 832, 839 [151 Cal.Rptr. 239].) Characterizing the informant as a percipient witness to the crime charged, respondent seeks refuge in a footnote in *People v. Aguilera* at page 870, footnote 6: "Although the language of section 1042, subdivision (d), is mandatory, it is conceivable that the circumstances of a particular case might be such that it would be an idle act to conduct an *in camera* hearing; for example, where the informant is a percipient witness to the crime charged." Not only does the

---

[1]The constitutionality of the *in camera* proceeding has been upheld. (*People v. O'Brien*, 61 Cal.App.3d 766, 774-775 [132 Cal.Rptr. 616]; *People v. Aguilera*, 61 Cal. App.3d 863, 869 [131 Cal.Rptr. 603]; *People v. Pacheco*, 27 Cal.App.3d 70, 81-83 [103 Cal.Rptr. 583].)

record show that the informant is not a percipient witness to the possession by defendant of the firearms on May 20, but that this was not the stated reason the trial judge refused to entertain the *in camera* hearing. Clearly under the circumstances here it was the duty of the trial court to hold an *in camera* hearing.

■ However, the defendant failed to sustain his burden of demonstrating a reasonable possibility that the informant could give evidence on the issue of guilt which might exonerate him. ■ A defendant who desires to obtain the identity of the informant, and the prosecutor invokes the privilege under section 1041, has the burden of showing that "'the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' [Citation.]" (*Price v. Superior Court*, 1 Cal.3d 836, 843 [83 Cal.Rptr. 369, 463 P.2d 721].) The burden is discharged when defendant "'demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration.'" (*Honore v. Superior Court*, 70 Cal.2d 162, 168 [74 Cal.Rptr. 233, 449 P.2d 169]; *Price v. Superior Court*, 1 Cal.3d 836, 843 [83 Cal.Rptr. 369, 463 P.2d 721].) If he fails to discharge this burden, the state's claim of privilege must be sustained. (*People v. Tolliver*, 53 Cal.App.3d 1036, 1044 [125 Cal.Rptr. 905].)

■ The only information the informant gave Officer Miller concerned the possession and sale of heroin by defendant at his apartment, number 703 on Argyle Avenue. Defendant was not charged with a narcotic offense; he was charged as an ex-felon with possession of a concealable firearm. We find nothing in the affidavit or in the evidence on the adversary hearing to indicate that the informant was a material witness on the issue of defendant's guilt of the offense charged.

First, although the informant told Officer Miller he saw defendant in the possession of heroin for sale on the premises, there is no indication in the record by way of affidavit or testimony that the informant ever mentioned to police anything concerning firearms. Similarly, in *People v. Kilpatrick*, 31 Cal.App.3d 431 [107 Cal.Rptr. 367], defendant was found guilty of possession of a machine gun and being an ex-felon in possession of a concealable firearm. The weapons were found in a wall panel in defendant's house during a search for narcotics under a warrant issued on the strength of information concerning narcotics provided by an informant. He said nothing to police about a cache of firearms in a wall panel. After an *in camera* hearing the court refused to compel

disclosure of his identity. Said the court: "In our view of the evidence here the defendant has demonstrated no reasonable possibility that the informant might have aided in exonerating him. Defendant makes only the bare suggestion that the informant might establish that someone other than defendant possessed the weapons. [¶] The overwhelming evidence pointing to defendant's possession of the weapons would not be diminished by showing that someone else possessed them jointly with him. Nor is there the slightest possibility that the informant 'planted' the weapons since he provided no information concerning them." (P. 438.)

Another similar case is *People* v. *Borunda*, 58 Cal.App.3d 368 [129 Cal.Rptr. 923], in which defendant was charged with sale of marijuana. The informant had told police he overheard Borunda state he was expecting a large shipment of heroin; he said nothing to the police about marijuana. This court held that the trial court erred in granting defendant's motion to disclose identity as to the marijuana charge, and that under the facts there was no reasonable possibility that the informant, who was not involved in the police surveillance of defendant or in his arrest or seizure of the contraband, could have exonerated him on the charge of possession for sale of marijuana. "As to the large amount of marijuana found on the premises, defendant's guilt of possession for sale of that marijuana was established based on the quantity involved and independent of anything the informant might testify. (*People* v. *Goliday, supra* [8 Cal.3d 771 (106 Cal.Rptr. 113, 505 P.2d 537)]; *People* v. *Acuna, supra* [35 Cal.App.3d 987 (111 Cal.Rptr. 878)].) There is no showing of any reasonable possibility the informant could give testimony concerning the marijuana. The informant had said nothing to the police about marijuana. The record supports no inference other than sheer and unreasonable speculation that the informant could testify to anything concerning the marijuana. (See *People* v. *Kilpatrick*, 31 Cal. App.3d 431, 437-438 [107 Cal.Rptr. 367].)" (P. 376.) The rationale of the foregoing authorities was used by the court in *People* v. *Alvarez*, 73 Cal.App.3d 401 [141 Cal.Rptr. 1]. As to the marijuana count, the court said that while the informant gave police information concerning the purchase of heroin in the apartment, "the informant gave the police no information about marijuana. (*People* v. *Borunda*, 58 Cal.App.3d 368, 376 [129 Cal.Rptr. 923]; *People* v. *Kilpatrick, supra*, 31 Cal.App.3d 431, 438.)" (P. 407.) The court concluded that defendant failed to meet his burden of demonstrating a reasonable possibility that the informant could give evidence on the issue of guilt of possession of marijuana which might lead to his exoneration.

Second, the record supports no inference other than sheer and unreasonable speculation that the informant could testify to anything concerning the firearms. (See *People* v. *Borunda*, 58 Cal.App.3d 368, 376 [129 Cal.Rptr. 923].) The crime with which defendant was charged was established without reference to anything the informant might have witnessed, and there was no suggestion that the informant could have planted the firearms. His proposed defense is that the guns belonged to Babs and she brought them to his apartment without his knowledge. He argued before the trial court that the informant could testify whether the guns were there and whether, in fact, it was Reel (defendant) he saw in the apartment. Assuming that the informant would testify that he did not see any guns in defendant's apartment 36 hours before they were found, and further, that it was someone other than defendant with whom he talked in defendant's apartment 36 hours before, we fail to perceive how this could be material on the issue of whether defendant had possession of the firearms *on May* 20. It is not claimed by defendant, nor did Babs testify that she took the guns to his apartment while the informant was present; he has made no claim that anyone other than Babs left the guns in his apartment; and he does not contend the guns belonged to anyone other than Babs. The information defendant seeks from the informant could be of so little value that it should not be weighed against the greater harm to the public and to the informant that would result from the disclosure of his identity.

We conclude that the defendant failed to sustain his burden of demonstrating a reasonable possibility that the informant could give evidence on the issue of guilt which might exonerate him of the offense charged, and that the trial court erred in granting defendant's motion to disclose the identity of the informant. ▮ Even had defendant sustained his burden, the trial court committed reversible error in refusing to grant the prosecutor's request for an *in camera* hearing.

The order is reversed.

Hanson, J., and Crahan, J.,* concurred.

A petition for a rehearing was denied January 23, 1980, and respondent's petition for a hearing by the Supreme Court was denied February 20, 1980.

---

*Assigned by the Chairperson of the Judicial Council.