Filed 8/17/20  P. v. Greene CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODERICK D. GREENE,<br><br>    Defendant and Appellant. | B299882<br><br>Los Angeles County<br>Super. Ct. No. SA098094 |

APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Karla, Judge. Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging defendant and appellant Roderick Greene with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count one); possession for sale of a controlled substance (Health & Saf. Code, § 11351; count two); and possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count three). The information further alleged Greene was personally armed with a firearm (§ 12022, subd. (c)) in the commission of count two, and that he sustained two prior prison term convictions (§ 667.5, subd. (b)).

A jury found Greene guilty of all counts and found true the enhancement attached to count two. The prosecution informed the court it would not proceed on the prior prison term allegations. The court sentenced Greene to nine years in state prison, consisting of an upper four-year term on count two and an upper five-year term for the firearm enhancement attached to that count. The court sentenced him to upper terms of three years on count one and four years on count three, but stayed sentencing on those counts under section 654.

Greene filed a timely notice of appeal, and we appointed counsel to represent him. On March 9, 2020, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We informed Greene that he could personally submit any

---

[1]     All undesignated statutory references are to the Penal Code.

contentions or issues for us to consider, and he filed a supplemental brief on March 30, 2020. The judgment is affirmed.

## FACTUAL BACKGROUND

In the early morning hours of April 11, 2018, approximately 12 deputies of the Los Angeles Sheriff's Department executed a search warrant at an apartment on Kornblum Avenue in Hawthorne. The deputies knocked and announced they had a warrant. When no one answered, the deputies forced entry using a ramming tool.

Upon entry, the officers encountered two individuals – Greene and Tatiana Smith. In the kitchen, officers found a digital scale, baking soda, cellophane wrap, and sandwich baggies. Officers also found a second scale, and both scales had a white powdery substance on them resembling cocaine. Under the bed in the northeast bedroom, officers found a loaded Intratec TEC-9 semiautomatic pistol. They also found a loaded Ruger nine-millimeter handgun in the nightstand. In the northwest bedroom, officers moved a dresser and observed a hole had been cut in the drywall. Inside the hole was a lunchbox, which contained cocaine wrapped in green cellophane, plastic jars containing tan and blue pills, and a large sum of money separated by denomination. At trial, the parties stipulated the lunchbox contained $30,966, consisting of 280 $100 bills, 19 $50 bills, 95 $20 bills, four $10 bills, 10 $5 bills, and 26 $1 bills. Officers found five bindles in a clear plastic cup on the refrigerator. They found a bindle with a substance resembling cocaine inside the column shifter of Greene's car.

3

Nathan Lind, a forensic chemist for the Los Angeles Sheriff's crime laboratory, tested the substances collected from the apartment. He concluded one package consisted of 246.1 grams of powder containing cocaine. He did not test another package, although its contents resembled cocaine and weighed 69.6 grams. Two other items he tested consisted of 11.0209 grams and 1.6921 grams of powder containing cocaine, and another consisted of 0.3305 grams of cocaine base. He tested the pills discovered in the apartment, and concluded they were not controlled substances.

Detective Henry Jaquez was the lead narcotics detective on the case. When presented with a hypothetical factual scenario analogous to Greene's case, Detective Jaquez opined the person in question would be in possession of controlled substance for sale. In explaining this opinion, Detective Jaquez noted the person in the hypothetical was in possession of 3,600 usable amounts of cocaine; the scales could be used to accurately weigh the product; baking soda is a common cutting agent used to manufacture cocaine; the baggies are consistent with wrapping individual packets to then sell; having different denominations of cash is consistent with buying and selling drugs; possessing guns is consistent with protecting one's drug business and profits; and cellophane can be used to wrap larger amounts of product for bigger sales.

In a bifurcated proceeding outside the presence of the jury, Greene admitted he sustained prior felony convictions for purposes of the possession of a firearm by a felon count.

## DISCUSSION

### 1. Greene's arguments regarding the legality of the search

In his supplemental brief, Greene raises several separate but interrelated arguments challenging the legality of the search of his apartment. The crux of these various arguments is the same – that officers searched the apartment on April 11, 2018 without a warrant.

The record belies Greene's claims. At trial, three officers testified the reason they were at the apartment was to serve a search warrant. Additionally, in a pretrial motion to reveal the identity of a confidential informant under Evidence Code section 1042, subdivision (d), Greene's trial attorney confirmed there was a warrant, stating: "Det[ective] Jaquez of [the] Los Angeles Sheriff's Department obtained a warrant from Judge Michael Cowell of the Norwalk Superior Curt based on a *Hobbs* informant[.] [T]he execution of said warrant was on April 11, 2018. Said warrant was used to search the [] home CONCLUDED to be Roderick Greene['s], where a 9mm weapon, a substance resembling cocaine base, and money ($30,966.00) was recovered."

Greene does not point to any portion of the record suggesting there was no warrant. We therefore reject his contentions. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [judgment of the lower court is presumed correct, and error must be affirmatively shown].)

## 2. Greene's arguments regarding the confidential informant

As noted above, before trial, Greene's attorney filed a motion under Evidence Code section 1042, subdivision (d) to reveal the identity of a confidential informant.[2] In the motion, Greene's attorney argued assuming the confidential informant engaged in a hand-to-hand transaction with Greene, and assuming that hand-to-hand transaction was the basis for obtaining the warrant to search Greene's apartment, the informant would have been a material witness on the issue of Greene's guilt. The People filed an opposition to the motion. In it, the People noted the burden was on Greene to show a reasonable

---

[2] Evidence Code section 1042, subdivision (b) provides, in pertinent part: "[W]here a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant official information or the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it." Subdivision (d) provides, in pertinent part: "When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure . . . ." The burden is on the defendant to show there is a reasonable possibility nondisclosure might deprive him of a fair trial. (*Price v. Superior Court* (1970) 1 Cal.3d 836, 842-843 (*Price*); see Evid. Code, § 1042, subd. (d).) That burden is satisfied if the defendant demonstrates a reasonable possibility that the confidential informant could provide "evidence on the issue of guilt that might result in exoneration." (*Price, supra*, 1 Cal.3d at p. 843.)

possibility the informant could provide evidence on the issue of guilt that might result in exoneration. The People argued Greene failed to meet this burden, explaining all the evidence relating to Greene's guilt was obtained during the search of his apartment, not during a hand-to-hand transaction, and because the informant was not a witness to the search of Greene's apartment, there was no reasonable possibility the informant could offer testimony that might result in exoneration.  The trial court agreed with the People and denied the motion.

In his supplemental brief, Greene challenges the trial court's decision to not compel disclosure of the confidential informant's identity. Greene does not argue there was a reasonable possibility the informant could offer testimony that might result in his exoneration. Instead, he argues he was denied a fair trial because the jury found him guilty without having the opportunity to assess the informant's credibility. We find no error in the trial court's denial of the motion to compel disclosure. (See *People v. Acuna* (1973) 35 Cal.App.3d 987, 990-992 [trial court did not err in concluding there was no reasonable possibility the confidential informant could offer testimony that might result in exoneration where "informant was neither an eyewitness nor a participant" in the incident during which officers obtained the evidence establishing all the elements of the offense, nothing suggested the informant planted the narcotics, and the defendant did not argue the informant planted the narcotics].) Greene has not demonstrated a reasonable possibility the informant could offer testimony that might result in exoneration, nor has he shown a reasonable possibility the nondisclosure of the informant's identity rendered his trial unfair. (See *Price*, *supra*, 1 Cal.3d at p. 843.)

### 3. This court's independent review of the record

In addition to reviewing the issues Greene has raised in his supplemental brief, we have also independently examined the entire record, and are satisfied no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.