[Crim. No. 16585. Second Dist., Div. One. Jan. 29, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
DIXON WARD SEWELL, Defendant and Appellant.

## COUNSEL

Herbert M. Porter for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gordon J. Rose, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Appellant appeals from a conviction of possession of marijuana for sale in violation of Health and Safety Code section 11530.5. We conclude that the ground of appeal is not supported by the record and affirm the conviction.

### *Facts*

Edward Noriega, an agent of the State Bureau of Narcotics, obtained a search warrant from the Pomona Municipal Court. The affidavit in support of the petition for search warrant states that a reliable informer had observed marijuana at the premises to be searched prior to and on July 3, 1967. The warrant was issued on July 14. That same day Noriega and several officers of the Pomona Police Department executed the warrant. Within the premises described in the warrant, the officers found appellant and approximately 4 pounds of marijuana, most of it packaged for sale. They also found a "Countess II scale" of a type commonly used to measure marijuana for the purpose of selling it. After having been warned of his rights, appellant stated that he was a part owner of the marijuana. He also said that he and other college students would pool their money and one of them would go "south of the border" to obtain narcotics.

Prior to trial, appellant moved for discovery of the identity of the informer. The prosecution asserted the privilege against disclosure. The motion was denied. Appellant waived a jury trial and submitted the matter upon the transcript of the preliminary hearing without further evidence. Having been found guilty, he perfected this appeal.

### *Issue on Appeal*

The sole ground of appeal is the contention that the trial court erred in denying appellant's motion to compel disclosure of the name of the informer.

### Obligation to Disclose Identity of Informer

■    Appellant's counsel asserted the following reasons in support of his motion to compel disclosure of the identity of the informer whose information led to the issuance of the search warrant. "In the first place, of course, it is extremely self-evident that we want him to cross-examine him or we want him for purposes of impeachment, either impeaching him, the informer, or using the informer to impeach . . . other witnesses, . . ." We concur with the trial court in its ruling that appellant did not make a sufficient showing to require disclosure.

Appellant apparently sought the identity of the informer both to assist him in challenging the showing of probable cause made in support of the search warrant and for the purpose of the trial on the merits.    ■    California law, however, does not require disclosure of the identity of an informer who has supplied information constituting the probable cause which is the basis for a search warrant where the ground upon which disclosure is sought is that of assisting an attack on that probable cause. (Evid. Code, § 1042, subd. (b); see *People* v. *Keener,* 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587] "[W]here a search is made pursuant to a warrant valid on its face, the prosecution is not required to reveal the identity of the informer in order to establish the legality of the search and the admissibility of the evidence obtained as a result of it.") The California law comports with federal constitutional standards. (*McCray* v. *Illinois,* 386 U.S. 300 [18 L.Ed.2d 62, 87 S.Ct. 1056].)    ■    The record discloses that the search here involved was conducted pursuant to a search warrant valid on its face. The trial court was thus correct in denying appellant's motion for disclosure to the extent the motion was founded on the issue of probable cause.

Appellant's motion for disclosure of the identity of the informer was also based upon his purported need of that information to assist him at trial. We conclude that the trial court properly denied this aspect of the motion by reason of appellant's failure to make an adequate showing in support of it.

Evidence Code section 1041 permits a public entity to refuse to disclose the identity of an informer when: "Disclosure of the identity of the informer is against the public interest because there is a necessity for preserving the confidentiality of his identity that outweighs the necessity for disclosure in the interest of justice; . . ."    ■    The privilege of section 1041 must yield, however, when it is established that the informer whose identity is sought is a material witness for the defense and nondisclosure will deprive the defendant of a fair trial. (*People* v. *Garcia,* 67 Cal.2d 830 [64 Cal. Rptr. 110, 434 P.2d 366].)

█ A defendant seeking disclosure of the identity of an informer makes a sufficient showing that the informer is a material witness so as to compel disclosure (or dismissal if the prosecution does not disclose[1]) when he demonstrates a reasonable possibility that the anonymous informer can give evidence on the issue of guilt which might result in the defendant's exoneration. (*People* v. *Garcia, supra,* 67 Cal.2d 830, 840.) Demonstration of that reasonable possibility requires more than speculation on the part of the defendant. (*People* v. *Martin,* 2 Cal.App.3d 121, 127 [82 Cal.Rptr. 414].) In most reported cases, it takes the form of an articulation of a theory of defense based upon defense or prosecution evidence presented at the trial or upon declarations filed in support of the motion to disclose. █ Absent a showing of the theory of the defense or other pertinent material, a court may speculate upon but cannot determine the existence of a reasonable possibility that the evidence to be obtained from the anonymous informer may be helpful to the defense.

The record in the case at bench discloses no showing on the part of appellant in support of his motion to disclose the identity of the informer which qualifies as anything more than speculation on his part that in some undefined way that disclosure might provide evidence of an unarticulated theory of defense. Appellant did not take the stand. He presented no witnesses in his defense or evidence or declaration in support of his motion. The prosecution evidence discloses no theory on which the testimony of the informer would be helpful to the defense. Appellant argues that the affidavit in support of the search warrant discloses that the informer was a percipient witness to the crime so that his identity must be revealed for that reason alone. We do not reach appellant's legal conclusion because he is wrong on the facts. The affidavit states the informer saw marijuana in the apartment 11 days before the search, not that he was a percipient witness to the particular possession of contraband disclosed by the search which resulted in the charge against appellant. (*People* v. *Martin, supra,* 2 Cal. App.3d 121, 127.)

Appellant argues, also, that a defendant in a criminal proceeding has a constitutional right to disclosure of the name of an informer. He appears to contend from this proposition that any requirement that some showing must be made by a defendant in order to entitle him to that disclosure is unconstitutional. We see no constitutional infirmity in the requirement. █ The process leading to the disclosure of the identity of an informer is one form of discovery in criminal cases. The defendant who elects to pursue that discovery has no constitutional right to refrain from making the show-

---

[1] *People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33]; *Honore* v. *Superior Court,* 70 Cal.2d 162 [74 Cal.Rptr. 233, 449 P.2d 169].

ing requisite to it. (cf. *Jones* v. *Superior Court,* 58 Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.