[Crim. No. 40505. Second Dist., Div. Five. Nov. 22, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES JASPER HARDEMAN, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

Brown, Baron & Madden and Peter Brown for Defendant and Respondent.

OPINION

**STEPHENS, J.**—Respondent was charged with constructive possession of phenycyclidine (PCP) (Health & Saf. Code, § 11378.5). The charge was based upon the discovery of a quantity of PCP upon premises occupied by the defendant. The discovery occurred during a police search conducted pursuant to a warrant issued on the basis of information supplied by a police informant. This appeal by the People stems from an order by the trial court dismissing the charge following the People's refusal to disclose the identity of the informant. The court based its decision on information and evidence heard during a pretrial hearing and an *in camera* hearing held at the prosecution's request. (Evid. Code, § 1042.) The reporter's transcript of the oral proceedings during which the disclosure order was issued reveals that the trial court articulated, for the record, the specific grounds for its order. The record also appears to reflect a contemporaneous unanimity of understanding between counsel for both parties and the court that it is upon those specific grounds that the court issued the order.

During the third week of October 1980, Officer Lutz of the Los Angeles Police Department was approached by an informant and told that PCP was being sold on certain premises located within the city. The particular informant was believed to be reliable as he had furnished information on three previous occasions, each of which resulted in the arrest of a narcotics offender and the seizure of contraband. The informant stated that on more than one occasion between October 20 and October 25, 1980, he had been inside the premises and observed the sale of PCP by an individual known as "Ghost Man." During these occasions, the informant had also observed various quantities of liquid PCP ranging in amount from ounces to gallons. The informant furnished Officer Lutz with a telephone number by which the individual known as "Ghost Man" could be contacted to arrange a sale of PCP. The informant and Officer Lutz thereupon went to a telephone booth, dialed the number furnished by the informant, and with the permission of the informant, Officer Lutz overheard the informant and a person identifying himself as "Ghost Man" arrange a PCP sale. Subsequently, the informant led Officer Lutz to the location of the premises in question and identified the specific dwelling in which he had previously observed "Ghost Man" selling PCP. The telephone number given by the informant to Officer Lutz was later established as being registered in the name of respondent and to the address of the same dwelling identified by the informant as the "Ghost Man's" business location. Based upon the telephone conversation, the premises identification, and corroborating information supplied by a second reliable informant,[1] on October 27, 1980, Officer Lutz ex-

---

[1]The identity of the second informant was inadvertently disclosed by the prosecution prior to this appeal. In the proceedings below, the trial court had denied a request by the defendant to disclose the address of the second informant. (See *Miller* v. *Superior Court* (1979) 99 Cal.App.3d 381 [159 Cal.Rptr. 456].)

ecuted an affidavit requesting a search warrant for the premises. The search warrant was issued on a finding of probable cause, and authorized for service in the nighttime.

Eight days following the issuance of the search warrant, at 7:30 p.m. on November 4, 1980, Officer Lutz and several other police officers approached the premises occupied by the respondent from the front, for the purpose of serving the warrant and conducting a search. Noting the presence of a group of people on the front lawn of the premises, Officer Lutz and another officer went to the rear of the dwelling, scaled a fence and entered the back yard. There, the officers observed the respondent, wearing a Levi vest bearing the words "Ghost Man," standing outside of the dwelling. The officers identified themselves as police officers and stated that they were in possession of a search warrant for the premises. The respondent thereupon ran into the dwelling through a side door to the kitchen of the dwelling, and through the house to the front door. Respondent was arrested while attempting to flee from the front door.

During the subsequent search, the police discovered a quantity of liquid PCP, contained in a bottle, in a hiding place located underneath the house near the door through which the respondent had entered the house in his attempted flight. Inside the house, the police also recovered mail and utility bills in the name of the respondent and bearing the address of the premises searched. It was upon this search and the evidence obtained therefrom that respondent was charged with constructive possession of the PCP discovered underneath the house.

During pretrial proceedings, the respondent, then defendant, requested the disclosure of the informants who had supplied the information leading to the search of the premises. Following the refusal by the prosecution to disclose the identity, the respondent submitted a motion to compel disclosure. This appeal is taken from the trial court order dismissing the information filed against respondent in lieu of such disclosure.

■ The California Evidence Code provides that a public entity may refuse to disclose the identity of an informant. (Evid. Code, § 1041.) The basis of that privilege is a balancing of " 'the public interest in protecting the flow of information [to law enforcement officials] against the individual's right to prepare his defense.' " (*Williams* v. *Superior Court* (1974) 38 Cal.App.3d 412, 418 [112 Cal.Rptr. 485]; see *People* v. *Tolliver* (1975) 53 Cal.App.3d 1036, 1043 [125 Cal.Rptr. 905].) Where it is established that the informer whose identity is sought is a material witness to the issue of defendant's guilt, the privilege of nondisclosure will give way in the interest of justice. (*People* v. *Williams*

(1958) 51 Cal.2d 355, 357 [333 P.2d 19]; *People* v. *Sewell* (1970) 3 Cal.App.3d 1035, 1038 [83 Cal.Rptr. 895].) "In such cases, it is clear that the 'balance' is struck in favor of the defendant, and disclosure must be ordered upon pain of dismissal. Any other conclusion would be at variance with due process considerations of the state and federal Constitutions." (*People* v. *Garcia* (1967) 67 Cal.2d 830, 842 [64 Cal.Rptr. 110, 434 P.2d 366]; see *Williams* v. *Superior Court, supra,* 38 Cal.App.3d at p. 418.)

█ It is, however, the burden of the defendant to make a sufficient showing that the unnamed informer does have information which would be material to the defendant's guilt. (*Price* v. *Superior Court* (1969) 1 Cal.3d 836, 843 [83 Cal.Rptr. 369, 463 P.2d 721]; *People* v. *Garcia, supra,* 67 Cal.2d at p. 839; *People* v. *Reel* (1979) 100 Cal.App.3d 415, 421 [161 Cal.Rptr. 43].) This burden is met only where the defendant demonstrates through "some evidence" (*Price* v. *Superior Court, supra,* 1 Cal.3d at p. 843) that there exists a " 'reasonable possibility that the anonymous informant whose identity is sought could give evidence on the *issue of guilt* which might result in defendant's exoneration.' " (*Honore* v. *Superior Court* (1969) 70 Cal.2d 162, 168 [74 Cal.Rptr. 233, 449 P.2d 169], italics added; *Price* v. *Superior Court, supra,* 1 Cal.3d at p. 843; *People* v. *Reel, supra,* 100 Cal.App.3d at p. 421.) This "reasonable possibility" test is designed to protect the right of an individual to a fair trial through safeguarding his right to prepare his defense by compensating for any lack of knowledge regarding information relevant to the defendant's guilt or innocence potentially supplied by the unnamed informant. (*Williams* v. *Superior Court, supra,* 38 Cal.App.3d at p. 419, citing *People* v. *Kiihoa* (1960) 53 Cal.2d 748, 754 [25 Cal.Rptr. 813]; and *Price* v. *Superior Court, supra,* 1 Cal.3d at p. 843.)

The standard of "reasonable possibility" has "vague and almost limitless perimeters which must be determined on a case-by-case basis." (*People* v. *Tolliver, supra,* 53 Cal.App.3d at p. 1049; *Williams* v. *Superior Court, supra,* 38 Cal.App.3d at p. 421.) The courts have indicated that the measure of the "reasonable possibility" standard to be utilized in individual cases is predicated upon the relative proximity of the informant to the offense charged. "[T]he evidentiary showing required by those decisions is . . . as to the quality of the vantage point from which the informer viewed either the *commission or the immediate antecedents* of the alleged crime." (*Williams* v. *Superior Court, supra,* 38 Cal.App.3d at p. 423, italics added.) The existence of a reasonable possibility that testimony given by an unnamed informant could be relevant to the issue of defendant's guilt becomes less probable as "the degree of attenuation which marked the informer's nexus with the crime" (*Williams* v. *Superior Court, supra,* 38 Cal.App.3d at pp. 420-421) decreases. If the informer is not a percipient witness to the events which are the basis of the arrest, it is highly unlikely that he can provide information relevant to the guilt or innocence of a

charge or information which rises from the arrest. Thus, "when the informer is shown to have been neither a participant in nor a non-participant eyewitness to the charged offense, the possibility that he could give evidence which might exonerate the defendant is even more speculative and, hence, may become an unreasonable possibility." (*Williams* v. *Superior Court, supra,* 38 Cal.App.3d at p. 420.) ■ Further, where the defendant is charged with constructive possession of narcotics which is imputed by police discovery of contraband in a certain location, the disclosure of a nonparticipating, noneyewitness informant is required only if such an informant has experienced a "*very recent* observation of contraband on those same premises . . . [and] if the evidence shows that persons other than the defendant were on the premises when the informer observed the contraband *and* that the defendant was not then present or may have been not present." (*Williams* v. *Superior Court, supra,* 38 Cal.App.3d at p. 423, italics added.) ■ Here, the affidavit wherein the extent of the informer's observations is set forth indicate that they were made at least eight days prior to the arrest of respondent.[2] Further, the affidavit specifically alleges that the sales described by the informant which he observed were conducted by a single individual, the respondent, and not in a joint manner. It is therefore obvious that as factually established, the proximity of the informant to the charged offense is not close, not recent, and the nexus of the informant's relationship to the *charged crime* is minimal in the extreme.

In the aggregate, we find, as a matter of law (*People* v. *Garcia* (1967) 67 Cal.2d 830, 840 [64 Cal.Rptr. 110, 434 P.2d 366]), that the possibility that the informant could provide information which would bear on the circumstances of the respondent's possessory status of PCP at the time of the search and arrest is unreasonable.

In the instant case, the informant was a nonparticipant, noneyewitness to the charged offense of constructive possession of PCP. Contrary to the bare speculative assertion of respondent, there is no evidence in the record of the instant case which establishes that the informant was present at the time of the search and arrest in question here. Logic and reason dictate that if the informant was, as defendant suggests, present in the group of people in the front of the premises occupied by the respondent at the time of the search, then as the occupant, and presumably as licensor or invitor of such individuals, the respondent must know their identities. With this knowledge, respondent would have the right and ability to subpoena all such persons in the group as witnesses at the time of trial. The duty of the prosecution to disclose or suffer pain of dismissal is predicated on the policy of assuring the defendant a fair trial. A fair trial is

---

[2]Both the affidavit for the search warrant and testimony of Officer Lutz indicate that his contact with the informant occurred before the issuance of the search warrant on October 27, 1980. There is no evidence to show any contact of the informant with the respondent subsequent to that date.

not hindered where a defendant is not entitled to disclosure of, or confirmation of, the fact that a potential witness whose identity is or can be ascertained is in fact a police informant. With the defendant assured of a fair trial through his obvious cognizance of the identitites of persons admitted to his own property, the disclosure that one of those individuals is a police informant does nothing to increase the fairness of the trial. Such a disclosure would, however, directly contravene the opposing side of the policy balance, that being the protection of information flow to law enforcement officials. Thus, disclosure of the identity of an informant under circumstances as those described herein would be redundant, and clearly in opposition to the policy for which the "fair trial" exception to the nondisclosure privilege exists.

■ At the pretrial hearing, with the specific intent of making the record for purposes of appeal, the trial court stated the facts which it considered give rise in this case to the reasonable possibility that the unnamed informant could provide testimony relevant to the issue of respondent's guilt of the information charging constructive possession of PCP. The court specifically stated that the reason it was requiring disclosure of the informant's identity was that the informant could testify as to whether the voice of the respondent was that of "Ghost Man," the individual heard in the presearch telephone conversation that was the basis of the search warrant. Apparently, the trial court felt that the identification of the voice in that conversation was material to the issue of respondent's guilt of constructive possession of PCP, which was charged on the basis of discovery of PCP upon premises occupied by him. We do not agree.

As stated in the affidavit executed by Officer Lutz, the telephone conversation formed the basis for probable cause for the search warrant as to the premises occupied by the respondent. It in no way bears upon the guilt or innocence of the respondent of constructively possessing the narcotics found during a search which occurred more than eight days after the conversation. Even if it could be shown that the respondent was not the narcotics dealer identified prior to the search as "Ghost Man," he could still be charged, under the same evidence, with constructive possession of PCP. The question as to whether or not the individual identifying himself as "Ghost Man" on the other end of the telephone conversation made by the informant and overheard by Officer Lutz is the respondent, goes only to the issue of probable cause for the search warrant. It is not the basis upon which the respondent was charged with constructive possession of PCP.

■ A request by respondent to disclose the informant's identity based on an attack against the probable cause would necessarily fail. The law established by the courts of this state does not require the disclosure of the identity of an informant who is the source of information which forms the probable cause for the issuance of a search warrant where such disclosure is sought to assist an attack

on that probable cause. (Evid. Code, § 1042, subd. (b); *People* v. *Sewell, supra,* 3 Cal.App.3d at p. 1038; *People* v. *Keener* (1961) 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587].) This comports with federal constitutional law. (*McCray* v. *Illinois* (1967) 386 U.S. 300 [18 L.Ed.2d 62, 87 S.Ct. 1056].)

■ On appeal, respondent directs our attention to prior cases which have held, on the basis of individual factual circumstances, that the disclosure of an informant is required in cases of constructive possession of narcotics simply because the defendant has articulated theories of guilt wherein the testimony of the informant would be relevant. Respondent also notes that the court may engage in speculation to determine that a reasonable possibility exists that the informant could give relevant testimony to the issue of guilt of the offense charged. (See *Williams* v. *Superior Court, supra,* 38 Cal.App.3d at pp. 423-424; *People* v. *Tolliver, supra,* 53 Cal.App.3d at pp. 1048-1049; see *People* v. *Borunda* (1974) 11 Cal.3d 523, 529 [113 Cal.Rptr. 825, 522 P.2d 1].) However, in these cases the courts have declared that while such articulation and speculation may play a part in determining the materiality of the informant's prospective testimony, it must still be more than "*sheer* or *unreasonable* speculation*" (*People* v. *Tolliver, supra,* 53 Cal.App.3d at p. 1044, italics in original) and reach at least a *reasonable* possibility. In situations where the informant was a participant or a nonparticipant eyewitness to the events immediately leading to, or actually involved with, the specific acts which give rise to the charged offense, we would fully agree with established precedent that the informant would generally have the ability of giving relevant testimony concerning that offense. However, where, as here, the informant is not shown to be a participant or an eyewitness to the specific events which result in criminal prosecution, he will not be a material witness to the issue of guilt of that offense, absent an articulable actual relationship to the commission, or the unbroken chain of events immediately preceding the commission of that offense, as shown by specific facts in evidence.

■ In circumstances such as those present in this case, where the charge of constructive possession is based on the location of narcotics discovered pursuant to a valid search warrant, and upon the immediate contemporaneous personal observations of the arresting officers, the unnamed informant who furnished information relative only to the probable cause is not a material witness to the issue of guilt. In *People* v. *Luke* (1965) 233 Cal.App.2d 793 [43 Cal.Rptr. 878], a defendant was charged with constructive possession of narcotics. The arresting officer knew that the defendant engaged in illicit narcotics dealings based, in part, upon information supplied by two unnamed informants. The defendant was arrested based on the discovery of narcotics in an abandoned car to which the arresting officer observed the defendant in close physical proximity on several occasions. Under those circumstances, and although the court stated that inferences were apparent that the abandoned car was accessible to

other persons and was not the property of the defendant, it found that the nonparticipant, noneyewitness informants who were the basis of the probable cause were not material to the issue of guilt. "[T]he reference to informants was merely cumulative evidence on the question of probable cause. The failure of the prosecution to fully detail the identity of each informer was in no way prejudicial to the [defendant]. 'The informant was not a material [or any] witness to the issue of guilt.'" (*People* v. *Luke, supra,* 233 Cal.App.2d at p. 797, quoting *People* v. *Smith* (1958) 166 Cal.App.2d 302, 307 [333 P.2d 208], addition in original.)

While *Luke* was decided before the articulation of the "reasonable possibility" test in *People* v. *Garcia, supra,* 67 Cal.2d 830, the absolute language of the *Luke* court as applied to a specific set of circumstances with regard to the question of an informant's materiality on the issue of guilt, leads us to the following conclusion. Where the facts show that an arrest is made on the basis of direct police observation and discovery of contraband without the immediate and direct participation or observation of the informant, no reasonable possibility which is based upon more than utter speculation can be found that the informant could provide relevant testimony to the issue of the arrestee's guilt or innocence of the offense allegedly committed.

Illicit possession of narcotics is an inherently "immediate" offense. The charge and arrest here were based upon circumstances which necessarily occurred or were existent solely at the specific time of arrest. No facts establish the informant's presence at the scene of the search and arrest. The only factually established relationship between the informant and the individual who he alleged was engaged in the sale of PCP occurred at least eight days prior to the arrest of respondent, if not earlier. We do not find that these circumstances establish a "close nexus" of the informant to the charged offense of constructive possession of PCP, nor do we feel that the facts establish a "very recent" observation by the informant as to any situation which would bear on the guilt or innocence of the respondent as to the charged offense. Accordingly, because of the wide proximity of informant's relationship to the occurrence and scene and circumstances of the charged offense, we conclude that there is no reasonable possibility that the informant could provide relevant testimony to the issue of respondent's guilt or innocence of constructive possession of PCP.

The specifically articulated reasons of the trial court for compelling disclosure of the informant's identity are misplaced. While certain facts were applied to the proper rule of law, the application is inappropriate as relating to the issue of guilt. The fact that defendant urges theories of defense in and of itself is not sufficient to raise the required reasonable possibility that the unnamed informant could testify relevantly on the issue of defendant's guilt. Defendant's theories are not founded upon facts, but consist of absolute

speculation based upon mere assumptions favorable to defendant's asserted theory. The order of dismissal is reversed. The trial court is directed to reinstate the charge of constructive possession of PCP. (Health & Saf. Code, § 11378.5.)

Feinerman, P. J., and Ashby, J., concurred.