[No. B046137. Second Dist., Div. Seven. Apr. 24, 1991.]

In re BENNY S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BENNY S., Defendant and Appellant.

## COUNSEL

Arthur H. Weed, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Donald E. deNicola and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (Fred), J.**—The trial court sustained count I of a 602 petition (Welf. & Inst. Code, § 602) which alleged that appellant was a 17-year-old minor who on February 15, 1989, possessed marijuana for sale (Health & Saf. Code, § 11359). Appellant was found a ward of the court and placed home on probation subject to various conditions, including 60 days in juvenile hall, stayed. Appellant contends the trial court erred by denying

disclosure of a confidential informant, by denying his search and seizure suppression motion, and by "ordering appellant to serve 60 days in juvenile hall in the event probation is violated." We find no error and affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

A 602 petition (Welf. & Inst. Code, § 602) alleged appellant had possessed marijuana for sale (Health & Saf. Code, § 11359) and cocaine for sale (Health & Saf. Code, § 11351.5). Appellant denied the allegations.

Appellant's motions to disclose the informant and suppress search evidence were, following a hearing, denied.

The court sustained the possession for sale of marijuana count and found untrue the possession for sale of cocaine count.

The facts are simple, undisputed, and entirely based upon the testimony of the arresting officer, the only witness to testify. Both appellant and respondent accurately summarize the facts. We quote respondent's summary.

"On February 15, 1989, at approximately 1:30 p.m., Deputy Sheriff Clifford Busick, who was assigned to the narcotics bureau headquarters, received information from an informant he had dealt with in the past. He was told by the informant that two male Hispanics were driving around in a green and white early 1970's Pinto, with the license number 1JNC780 in the vicinity of two high schools, Canyon High School and Bowman High School, and that they were dealing cocaine and marijuana from the vehicle. The informant gave him the name of the driver as Javier Telemontes. Deputy Busick had received information from the informant in excess of twenty times in the past. The information supplied had resulted in numerous search warrants, arrests, and police reports presented to the District Attorney's office for filing purposes.

"At approximately 2:00 p.m., Deputy Busick and three other narcotics officers got into an undercover car and drove over to the neighborhood where the two schools were located. When they arrived, school was getting out. There was a lot of traffic and kids walking around. They were unable to find the described vehicle. They drove back towards the Sheriff Station which was about eight or nine miles from the schools in Saugus. When they reached the intersection Soledad Canyon and Bouquet Canyon, they observed a green and white [P]into with the reported license plate at the rear of retail stores and the shopping center moving slowly in a northerly direction. The officers pulled into the shopping center. There were two occupants who

fit the informant's description. Telemontes was driving, and appellant was in the passenger's seat.

"After pulling into the shopping center and observing the vehicle, the unmarked police vehicle activated a red light and shouted 'Stop.' The Pinto stopped. The front of the police vehicle was facing the front of the Pinto. Deputy Busick saw, in Telemontes' hand, a clear plastic baggy which contained a green leafy substance which the Deputy believed to be marijuana. Deputy Busick exited his vehicle and approached the Pinto. Telemontes took his hand with the baggy and reached back behind the driver's side and stuffed the baggy into a shoe on the back seat. Both occupants were ordered out of the vehicle.

"Deputy Busick searched the shoe and retrieved the baggy. The baggy appeared to contain marijuana. He also retrieved another baggy which contained fifteen folded bundles which possessed a white powdery substance that resembled cocaine. Appellant and Telemontes were placed under arrest. Deputy Busick conducted a field booking search of appellant, and in his jacket pocket, found several baggies, each containing a green leafy substance resembling marijuana. Appellant and Telemontes were taken to the station for booking. The last time the informant had seen the Pinto was approximately within the hour of when Deputy Busick made the arrest. The informant never told Deputy Busick he had purchased anything from either Telemontes or appellant."

DISCUSSION

1. *Appellant contends the trial court erred in denying his motion for an in camera hearing and in denying his motion for disclosure of the informant.*

■ The first part of appellant's argument (the trial court erred in denying his motion for an in camera hearing) is based upon a misreading of Evidence Code section 1042, subdivision (d). That section provides that if each of three events occur the court "shall" hold the referred to in camera hearing. The three events are: (1) the defendant (or minor) "demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt" (2) an authorized person claims a section 1041[1] privilege of nondisclosure and (3) *"the prosecuting attorney . . . request[s]*

---

[1]Evidence Code section 1041 provides:

"(a) Except as provided in this section, a public entity has a privilege to refuse to disclose the identity of a person who has furnished information as provided in subdivision (b) purporting to disclose a violation of a law of the United States or of this state or of a public

that the court hold an in camera hearing."[2] (Italics added.) Only the first two events, not the third, occurred. The prosecuting attorney not having requested an in camera hearing, and appellant not being statutorily authorized to request one, the trial court was correct in not conducting an in camera hearing.

The second part of appellant's argument is phrased this way: "the arresting officer stated the informant had observed 'two individuals selling marijuana out of a green and white Pinto' *and therefore was an eye-witness*. As such, the informant was a material witness . . . ." As we explain, appellant's argument is elliptical and flawed.

entity in this state, and to prevent another from disclosing such identity, if the privilege is claimed by a person authorized by the public entity to do so and:

"(1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or

"(2) Disclosure of the identity of the informer is against the public interest because there is a necessity for preserving the confidentiality of his identity that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the identity of the informer be disclosed in the proceeding. In determining whether disclosure of the identity of the informer is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered.

"(b) This section applies only if the information is furnished in confidence by the informer to:

"(1) A law enforcement officer;

"(2) A representative of an administrative agency charged with the administration or enforcement of the law alleged to be violated; or

"(3) Any person for the purpose of transmittal to a person listed in paragraph (1) or (2).

"(c) There is no privilege under this section to prevent the informer from disclosing his identity."

[2]Evidence Code section 1042, subdivision (d) provides:

"(d) When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial. A reporter shall be present at the in camera hearing. Any transcription of the proceedings at the in camera hearing, as well as any physical evidence presented at the hearing, shall be ordered sealed by the court, and only a court may have access to its contents. The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."

The general principles of informant disclosure are settled.

■ " 'When it appears from the evidence that an informer is a material witness on the issue of defendant's guilt, the informer's identity may be helpful to the defendant and nondisclosure would deprive him of a fair trial [citation] [t]he People must either disclose the informer's identity or incur a dismissal. [Citations.]

" 'The defendant need not prove that the informer would give testimony favorable to the defense in order to compel disclosure of his identity, nor need he prove that the informer was a participant in or even an eyewitness to the crime. The defendant's burden extends only to a showing that in view of the evidence, the informer would be a material witness on the issue of guilt and non-disclosure of his identity would deprive the defendant of a fair trial. [Citation.] That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration.' " (*People* v. *Acuna* (1973) 35 Cal.App.3d 987, 990 [111 Cal.Rptr. 878]. Internal quotation marks omitted.)

"The standard of 'reasonable possibility' has 'vague and almost limitless perimeters which must be determined on a case-by-case basis.' The courts have indicated that the measure of the 'reasonable possibility' standard to be utilized in individual cases is predicated upon the relative proximity of the informant to the offense charged. '[T]he evidentiary showing required by those decisions is . . . as to the quality of the vantage point from which the informer viewed either the *commission or the immediate antecedents* of the alleged crime.' The existence of a reasonable possibility that testimony given by an unnamed informant could be relevant to the issue of defendant's guilt becomes less probable as 'the degree of attenuation which marked the informer's nexus with the crime' decreases. If the informer is not a percipient witness to the events which are the basis of the arrest, it is highly unlikely that he can provide information relevant to the guilt or innocence of a charge or information which rises from the arrest. Thus, 'when the informer is shown to have been neither a participant in nor a non-participant eyewitness to the charged offense, the possibility that he could give evidence which might exonerate the defendant is even more speculative and, hence, may become an unreasonable possibility.' " (*People* v. *Hardeman* (1982) 137 Cal.App.3d 823, 828-829 [187 Cal.Rptr. 296]. Original italics. Internal citations omitted.)

■ Here the *charged* offense was not *sale* of either cocaine or marijuana but *possession* for sale of the marijuana found in the pocket of the jacket appellant was wearing. In such circumstances the cases have consistently

found the confidential informant *not* a material witness. (See *People* v. *Goliday* (1973) 8 Cal.3d 771, 783-784 [106 Cal.Rptr. 113, 505 P.2d 537]; *People* v. *Acuna, supra,* 35 Cal.App.3d 987, 991-993; *People* v. *Hardeman, supra,* 137 Cal.App.3d 823, 830-833; *People* v. *Kilpatrick* (1973) 31 Cal.App.3d 431, 437-438 [107 Cal.Rptr. 367]; *People* v. *Martin* (1969) 2 Cal.App.3d 121, 127-129 [82 Cal.Rptr. 414].)

Had appellant been charged with the sales of marijuana witnessed by the informant, then disclosure would have been required. As to that conduct the informant was a percipient and material witness. But appellant was not so charged. As to the possession (for sale) of marijuana in appellant's jacket pocket, the conduct with which appellant was charged, the informant was neither an "eye" nor material witness.

The trial court correctly denied appellant's motion for disclosure of the informant.

2. *Appellant contends the trial court erred in denying his search and seizure suppression motion.*

■ "A proceeding under section 1538.5 to suppress evidence is one in which a full hearing is held on the issues before the superior court *sitting as a finder of fact.* [Citations.] In such a proceeding the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor the exercise of that power, and the trial court's findings on such matters, whether express or implied, must be upheld if they are supported by substantial evidence. The trial court also has the duty to decide whether, on the facts found, the search was unreasonable within the meaning of the Constitution. Although that issue is a question of law, the trial court's conclusion on the point should not lightly be challenged by appeal or by petition for extraordinary writ. Of course, if such review is nevertheless sought, it becomes the ultimate responsibility of the appellate court to measure the facts as found by the trier, against the constitutional standard of reasonableness." (*People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621]. Internal quotation marks omitted. Original italics.)

■ Substantial evidence supports the actual or implied findings of the trial court that: (1) the informant was tested and reliable (2) Deputy Busick not only had cause to briefly detain the occupants of the Pinto, Telemontes and appellant (*In re Tony C.* (1978) 21 Cal.3d 888, 892 [148 Cal.Rptr. 366, 582 P.2d 957]) but also had probable cause to arrest them and search their vehicle (*People* v. *Lissauer* (1985) 169 Cal.App.3d 413, 420 [215 Cal.Rptr.

335]) (3) if not before, Deputy Busick had probable cause to arrest both Telemontes and appellant when, immediately after stopping their vehicle, Deputy Busick saw Telemontes with marijuana in his hand and then saw him try and hide that marijuana in a shoe on the back seat, (4) if not before, Deputy Busick had probable cause to arrest both Telemontes and appellant when he searched the shoe and found not only baggies of marijuana but also 15 folded bindles of what appeared to be cocaine.

The trial court did not err in denying appellant's search and seizure suppression motion.

3. *Appellant contends "the trial court erred in ordering appellant to serve 60 days in juvenile hall in the event probation is violated."*

After disposition hearing the trial court stated:

"At this time then the Court declares the minor a ward of the court pursuant to section 602; care, custody, control and conduct is taken from parents and guardians, allowed to remain in the home of parents, and they may place him in the home of his step mother.

"Court's going to impose and stay 60 days in Juvenile Hall."

■  Appellant contends this action constitutes an order that appellant serve 60 days in juvenile hall if he violates probation and that the order violates Welfare and Institutions Code section 777, subdivision (e). He is mistaken.

The section provides: "The filing of a supplemental petition and the hearing thereon shall not be required for the commitment of a minor to a county institution for a period of 30 days or less pursuant to an original or a previous order imposing a specified time in custody and staying the enforcement of the order subject to subsequent violation of a condition or conditions of probation, provided that in order to make the commitment, the court finds at a hearing that the minor has violated a condition of probation."

The trial court, by imposing "a specified amount of time in custody and [then] stay[ing] enforcement of the orders subject to subsequent violation of a probation condition" (*In re Nathan W.* (1988) 205 Cal.App.3d 1496, 1501 [253 Cal.Rptr. 312]) did not violate Welfare and Institutions Code section 777, subdivision (e). That subdivision concerns *supplemental*, i.e. probation violation, hearings *not* original disposition hearings, such as the instant hearing. As to such probation violation hearings the section prescribes two

different procedures depending upon the ordered custody period. The section does not prohibit, contrary to appellant's contention, a 60-day custody period as a condition of probation. Rather, it merely requires that when such a condition has been stayed, and is later sought to be enforced, a supplemental petition must be filed and a hearing provided.

The trial court did not err.

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.