[No. B032864. Second Dist., Div. Three. Aug. 14, 1990.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID WAYNE OPPEL, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## Opinion

**DANIELSON, J.**—The People appeal from an order dated November 20, 1987, dismissing an information filed against David Wayne Oppel (defendant).

We reverse the order.[1]

### Issue Presented

In this decision we hold that the trial court erred in dismissing a criminal information as a sanction for the failure of the People to comply with an order for disclosure of the identity of an informant (Evid. Code,[2] § 1042, subd. (d)) where the motion to disclose was based solely on the declaration of counsel for the defendant, alleged only on information and belief.

### Factual Statement[3]

On May 18, 1987, Los Angeles County Deputy Sheriff Tim Allen Parker (Deputy Parker), accompanied by another deputy, went to the southwest corner of the Peter Pitchess Honor Ranch, a jail facility adjacent to a freeway, in a rural area, near Los Angeles, on a tip by a reliable informant that "there would be a drop of narcotics out in one of the agricultural fields."

Looking through the oats in the area where the drop was supposed to be made, the deputies found a white sock with red and blue stripes. Inside the sock was a large rock and a small balloon. Inside that balloon was another balloon, which contained 35 strips of cellophane-type material, each of

---

[1] We reach this disposition without the benefit of a brief by defendant.

The record reflects that notice of appeal was served upon the attorneys who represented defendant and respondent in the trial court; notice of filing of the record on appeal, appellant's motion to augment that record and order thereon, notice of filing augmented record, and notice to respondent to file respondent's brief (Cal. Rules of Court, rule 17(b)), were served by mail upon said attorneys. On June 6, 1989, said attorneys for defendant filed a motion, which we granted, to withdraw as defendant's attorneys because they had not been retained to represent him on appeal and he had not responded to correspondence from them concerning the appeal; they provided the court with defendant's last known address. By letter dated January 18, 1990, the district attorney, attorney for appellant, notified the court of what it had determined to be defendant's current address and served a copy of that letter by mail upon defendant. The clerk of this court sent a notice to file respondent's brief (rule 17(b)) to defendant at that last known address, but no response has been received from defendant.

[2] All statutory references are to the Evidence Code unless otherwise indicated.

[3] The facts are taken from the reporter's transcript of the preliminary hearing, which the trial court relied upon in ruling on the subject motion.

which was tied in a knot. Located inside the knot was a small brown portion of a substance resembling tar heroin. The substance was in fact heroin.

The deputies filled the outer balloon with silt from the field, rewrapped the balloon and placed it inside the sock. Deputy Parker put his initials on the sock and the rock which was in the sock. The sock was then placed back in the field and the substance resembling tar heroin was placed in the office safe.

The deputies then returned to the field, concealed themselves in some bushes and, with binoculars, observed the area where the sock had been placed. At about 10:30 a.m. the deputies observed defendant, an inmate, running across a wash, which was between the heavy equipment yard and the agricultural field, straight towards the area where the sock had been placed. He was in the area about five to ten minutes looking down on the ground for something. He would duck down into the oats each time a county vehicle passed by. He then ran back towards the equipment yard. He appeared very nervous.

About 20 minutes later defendant ran back across the equipment yard to the same spot and resumed his search. This time defendant found and picked up the sock and started running towards the equipment yard. The deputies lost sight of defendant momentarily as he passed behind some bushes in the wash.

The deputies confronted defendant at the equipment yard. Defendant spontaneously stated: "I don't have it." After a search of defendant proved negative Deputy Parker followed defendant's footsteps back through the wash, where he had seen defendant running, and he found the sock and rock behind one of the bushes in the wash. The balloon was not there.

### Procedural Statement

At the preliminary hearing on June 8, 1987, defense counsel asked Deputy Parker on cross-examination for the identity of the informant. The prosecution objected on the ground that it was not reasonably probable that disclosure would result in evidence that would lead to defendant's exoneration. Following an unreported discussion, the court denied a defense motion for disclosure of the informant's identity without prejudice to renewal in the superior court. The court found that "as to the preliminary hearing only[,] the informant would not be a percipient witness to the alleged crimes, nor would he have any exculpatory testimony at this time."

The court then sustained an objection to the question by defense counsel as to whether the informant was "a member of EMF." Deputy Parker,

however, did testify that he believed EMF "stands for El Monte Flores. It's a gang."

On June 22, 1987, a two-count information was filed in the superior court charging defendant with attempted possession for sale of a controlled substance, heroin (Health & Saf. Code, § 11351; Pen. Code, § 664) and attempted possession of narcotic drugs, i.e., heroin, in a jail (Pen. Code, §§ 664, 4573.6).

In an amendment to the information defendant was alleged to have suffered two prior felony convictions: possession of a controlled substance, and robbery.

On July 31, 1987, defendant filed a motion to discover the identity of the confidential informant. In his supporting declaration defense counsel Thomas F. Case stated, on information and belief: "That the basis for the sheriff's activities in this matter was derived from information supplied by an individual referred to as a 'confidential informant';

"That this 'confidential' informant was present when members of the El Monte Flores gang ordered [defendant] to act as their agent in picking up the narcotics;

"That this 'confidential informant' is a material witness on the issue of guilt or innocence in this action and as such the disclosure of his identity and current whereabouts is essential to a full and fair determination of this case."

The motion was originally heard on August 24, 1987. At that time defense counsel argued that disclosure of the informant's identity would assist the defendant in preparing his defense of duress because the informant was present when defendant was told what to do. He further argued that "Deputy Parker, who received the information from the informant, knows who the informant is and knows certain members of the gang" and that "Deputy Parker is aware of what happened."

The hearing on the motion was continued to September 14, 1987, in order for the court to read the transcript of the preliminary hearing and for defense counsel to subpoena whomever he desired. Defense counsel said he would like the opportunity to subpoena Deputy Parker.[4]

---

[4]There is nothing in the record to indicate that the defense ever subpoenaed Deputy Parker.

At the hearing on September 14, 1987, the People called the court's attention to CALJIC 4.40 for the proposition that no defense of duress arises from a threat of "future danger," and thus, the defense of duress was no ground for disclosure of the informant's identity in this case. The hearing was continued to September 18, 1987, because the court had not yet read the transcript of the preliminary hearing.

At the hearing on September 18 the court announced that it had read the preliminary hearing transcript and the points and authorities filed by defense counsel. Following argument the court announced it was granting the motion to disclose the identity of the informant, and that the People were entitled to an in camera hearing. The prosecution requested time to seek review by writ of the order for disclosure. The court granted that request, and set a hearing on November 2 on the disclosure issue, stating that "By that time, the issue should have been decided. Either the People will disclose, the People will have filed their writ in the appellate court, or there will have been an in-camera hearing, and I will have decided the issue myself."[5] The court also set a firm trial date of November 12, 1987.

On November 2, the prosecution informed the court that the informant, who was an inmate of the jail and a transient, had been released from county jail and his whereabouts was unknown. The court ordered the prosecution to disclose the name of the informant, his booking number at the time of his arrest and when he was in jail, and the address, if any, he gave when he was arrested. The court then announced that if it turned out that the informant was released subsequent to the filing of the motion for disclosure, the issue of whether the prosecution had a duty to keep track of the informant would be addressed as well as what the sanctions for failure to comply with that duty might be. The matter was then continued to November 12, 1987.

On November 12 the prosecution informed the court that, according to the information they had, the informant was released a few weeks after the defendant's arrest, which was before the discovery request. In order to verify this information, however, the prosecution, Deputy District Attorney Myron Jenkins, had to contact Deputy Sheriff Watchsmith, who was on military leave.

Defense counsel moved for dismissal on the ground that the prosecution had failed to comply with the court's prior order to disclose the name of the informant or any of the other information ordered by the court. The

---

[5] There is nothing in the record to indicate that the People ever sought writ review or an in camera hearing.

prosecution argued that Deputy Watchsmith was the only person who knew the informant's name and he would be on military leave for three weeks. The court denied the motion without prejudice.

The court noted that trial was set for that date and there were only 10 days available for a continuance. The prosecution suggested the hearing be continued until the eighth day and that if the prosecution "can't give disclosure on that day, the court could dismiss for failure to disclose." After noting that the People would have the right to appeal from the order of dismissal, the court continued the matter to November 20 for trial.

On November 20, the People were unable to produce Deputy Watchsmith and stated that they did not know the name of the informant, and without that name they could not identify, produce, and disclose the other ordered data. Defense counsel renewed the motion to dismiss. The People argued that dismissal was inappropriate. The court granted the motion to dismiss "for people's failure to comply with order re disclosure of informant . . . ."

## DISCUSSION

"When, in [a] criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure . . . . During the hearing, . . . the prosecuting attorney may request that the court hold an in camera hearing . . . . The court shall not order disclosure, . . . nor dismiss the criminal proceeding . . . unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (§ 1042, subd. (d) (hereafter, section 1042(d)).)

█ It is incumbent on the defendant to make a prima facie showing for disclosure before an in camera hearing is appropriate. (*People* v. *Montgomery* (1988) 205 Cal.App.3d 1011, 1021 [252 Cal.Rptr. 779].)

Disclosure is mandated only when the defendant, upon whom the burden falls, produces " 'some evidence' [citation]" (*Williams* v. *Superior Court* (1974) 38 Cal.App.3d 412, 419 [112 Cal.Rptr. 485]) to show " 'a reasonable *possibility* that the anonymous informant whose identity is sought could give evidence on the issue of guilt which *might* result in defendant's exoneration.' [Citations.]" (*Ibid.*, italics in original.)

■ The record reveals no cognizable evidence to support the trial court's conclusion that there was a reasonable possibility that nondisclosure of the identity of the informant might deprive the defendant of a fair trial. (See § 1042(d).)

We hold that the affidavit of an attorney for a party, made on information and belief, cannot, as a matter of law, be construed to be evidence, and thus, such an affidavit made on information and belief cannot constitute the requisite factual foundation for the prima facie showing mandated on the issue of disclosure of a confidential informant's identity under section 1042(d).[6]

■ "An affidavit based on 'information and belief' is hearsay and must be disregarded [citations], and it is 'unavailing for any purpose' whatsoever [citations] . . . . Matters alleged on 'information and belief' do 'not serve to establish the facts . . . because an affidavit which is to be used as evidence must be positive, direct and not based upon hearsay.' [Citation.] A ruling 'of the court is to be based upon facts which may be presented to it, and not upon the belief of the affiant.' [Citation.] Such allegations on 'information and belief' furnish ' "no proof of the facts stated . . . ." ' [Citations.]" (*Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 204-205 [151 Cal.Rptr. 721].)

■ Based on the foregoing, we reject the conclusionary statements, made on information and belief in defense counsel's declaration, as the evidentiary basis required for the court's order requiring disclosure of the informant's identity.

Moreover, defense counsel's oral assertions during argument, concerning what Deputy Parker knew, were not made under oath, and thus, also do not constitute evidence. (*People* v. *Kinder* (1954) 122 Cal.App.2d 457, 463-464 [265 P.2d 24].) We further note that despite defense counsel's announced intent to subpoena Deputy Parker, Deputy Parker was not in fact called by the defense to testify. Also defendant did not himself give testimony, either in writing or orally, supporting his position that the informant was present when others threatened defendant with death or bodily harm if he did not do as he was instructed. Accordingly, we conclude that the absence of any

---

[6] We distinguish the instant situation, involving an affidavit in support of a motion for disclosure of a confidential informant's identity (§ 1042(d)), from that involving an affidavit supporting a motion for discovery of police records (§ 1043, subd. (b)(3)). In the latter situation an attorney's affidavit made on information and belief suffices, because the statutory scheme in question does not require personal knowledge of the material facts or of particular prior complaints. (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 86-93 [260 Cal.Rptr. 520, 776 P.2d 222].)

evidence to support the motion for disclosure renders the order for disclosure and the attendant dismissal order invalid.

## DECISION

The order of dismissal is reversed.

Klein, P. J., and Croskey, J., concurred.