Filed 9/14/16  P. v. Esparza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO RICHARD ESPARZA,<br><br>Defendant and Appellant. | C074121<br><br>(Super. Ct. No. 12F01604) |

Police officers entered an apartment to execute an arrest warrant for defendant Antonio Richard Esparza based in part on the tip of a confidential informant.  Defendant was a probationer and subject to search.  Officers found cocaine in a locked bedroom in which defendant was the sole occupant.  A jury convicted defendant of unlawful possession of a controlled substance for sale, and found true the allegation that defendant was previously convicted of the same offense.  The trial court imposed a split sentence consisting of four years in county jail and three years of mandatory supervision, awarded presentence credit, and ordered defendant to pay various fines and fees.

Defendant now contends:

1.  The trial court erred in denying his request for an in camera hearing on his motion to disclose the identity of the confidential informant.

1

2.  The probation search of his residence, and the execution of a warrant for his arrest, were unreasonable, arbitrary, and intended to harass.  In addition, the protective sweep exception to the warrant requirement is inapplicable because there was no indication defendant was armed or dangerous.  Moreover, trial counsel's failure to present the strongest arguments for suppression constituted ineffective assistance.

3.  The trial court erred in imposing certain fines and fees, including a $2,000 fine pursuant to Health and Safety Code section 11350,[1] a $46 monthly probation supervision fee, and a $25 urinalysis testing fee, and the minute order and abstract of judgment must be amended and corrected accordingly.

We conclude as follows:

1.  The trial court did not err in denying defendant's motion for an in camera hearing.  Based on the evidence before the trial court, there was no reasonable possibility the informant could give evidence that might exonerate defendant.

2.  Defendant's challenges to the search and the execution of the arrest warrant are forfeited because he did not assert them in the trial court.  And his ineffective assistance claim lacks merit because the record does not show there was no rational tactical purpose or satisfactory explanation for the asserted omissions by counsel.

3.  We will modify the judgment to strike the $2,000 fine pursuant to section 11350, the $46 monthly probation supervision fee, and the $25 urinalysis testing fee, and we will affirm the judgment as modified.  In addition, we will direct the trial court to correct its June 21, 2013 minute order and order of probation and the abstract of judgment to strike those fines and fees.  We will also direct the trial court to correct the abstract of judgment to state that with regard to the $702 presentence report fee,

---

[1] Undesignated statutory references are to the Health and Safety Code.

2

defendant shall report to the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay.

## BACKGROUND

An informant told City of Sacramento Police Officer David Putman that defendant lived in a specified apartment in Sacramento and had been bragging about being a fugitive. Officer Putman, who had never previously heard of defendant, searched criminal justice databases and contacted the ID warrant section of the Sacramento Police Department. He learned defendant was on probation in Butte County, was subject to search, and there was a warrant for his arrest.

Officer Putman searched various databases to confirm defendant's address but was unable to confirm it on those databases. Officer Putman did not contact the Butte County probation department, the Butte County Superior Court, utility companies or the property manager for the apartment to determine defendant's address, and he did not conduct surveillance on the apartment.

Six hours after receiving the informant's tip, Officer Putman and two other officers went to the apartment at 4:00 a.m. to execute the arrest warrant on defendant. Officer Putman knocked on the front door of the apartment and called out, "Police department." A person who was later identified as Jose Blanco answered the door. Officer Putman had no prior information that Blanco lived at the apartment. Officer Putman asked if "Antonio" was there. Blanco said he was not certain but would check. Officer Putman then asked whether Antonio Esparza lived there. Blanco replied in the affirmative.

Officer Putman heard commotion inside the apartment on the other side of the front door. He pushed the front door open, entered the apartment, and found a locked bedroom during a protective sweep. Blanco told Officer Putman the bedroom belonged to defendant. Officer Putman banged on the bedroom door and heard movement inside. He broke the door open and saw defendant leap out of bed. No one else was in the room.

3

Inside a baseball cap hung on the bedroom wall, Officer Putman found cocaine packaged in a clear plastic bag.

Blanco and another individual, Thomas Arballo, told the officers they lived in the apartment. Blanco and Arballo gave officers consent to search the common areas. Officers found a scale, a vacuum sealing machine, and baggies for the vacuum sealing machine in the kitchen. There was a white residue over some dishes and kitchenware. A field test of the white residue yielded a presumptive positive result for cocaine.

At the preliminary hearing, the prosecutor gave Officer Putman a hypothetical. The prosecutor asked Officer Putman to assume that he went into an apartment to serve an arrest warrant, conducted a search of the residence, and found two baggies of cocaine in a bedroom that he associated with the suspect. The prosecutor asked Officer Putman to further assume that those baggies were later tested and determined to contain 25.6 grams and 0.37 grams of cocaine. In addition, the prosecutor asked Officer Putman to assume police also found in the apartment a vacuum sealing machine, plastic baggies, and kitchenware which field tested positive for cocaine, but did not find paraphernalia for ingesting cocaine. Based on the hypothetical, the prosecutor asked Officer Putman if he had an opinion about whether the cocaine in the hypothetical was possessed for personal use or for sale. Officer Putman testified that in his opinion, the cocaine would be possessed for sale based on the amount of cocaine, the utensils used to separate it, and the packaging.

The jury convicted defendant of unlawful possession of a controlled substance for sale (§ 11351 -- count one) and found true the allegation that defendant was previously convicted of violating section 11351. The trial court sentenced him to the upper term of four years in county jail on count one, explaining that defendant was on probation for the same type of crime when he committed the instant offense, an aggravating factor the trial court said outweighed any mitigating factors. The trial court also imposed but suspended an additional three years for the prior conviction and ordered that during those three years

4

defendant would be subject to mandatory supervision by the probation department. The trial court awarded presentence credit and imposed conditions of community release, including various fines and fees, such as a $2,000 fine pursuant to section 11350, a $25 urinalysis testing fee, and a $46 monthly probation supervision fee. The probation report and the trial court's minute order and order of probation do not cite the statutory authority for the urinalysis testing fee and the probation supervision fee. We presume the trial court imposed the urinalysis testing fee pursuant to Penal Code section 1203.1ab and the probation supervision fee pursuant to Penal Code section 1203.1b.

DISCUSSION

I

Defendant argues the trial court erred in denying his request for an in camera hearing on his motion to disclose the identity of the confidential informant.

A

Defendant filed a motion to suppress all evidence seized from the search of the apartment. He argued that (1) the officers' entry into the apartment was unlawful because Officer Putman did not comply with statutory knock and notice requirements, (2) the search of the apartment pursuant to defendant's probation status was unlawful because police did not have probable cause to believe defendant lived at the apartment, and (3) the officers could not enter the apartment to serve an arrest warrant because there was no probable cause to believe defendant lived at the apartment. Defendant asserted that the police had to obtain a search warrant to enter the apartment. The People opposed defendant's motion.

Officer Putman was the only witness who testified at the hearing on defendant's motion; the hearing was conducted in conjunction with the preliminary hearing. When defense counsel asked how Officer Putman learned about defendant, the officer asserted the privilege protecting the identity of a confidential informant. (Evid. Code, § 1041.)

5

Defense counsel sought disclosure of the identity of the confidential informant. Counsel argued that if the informant was in the apartment within hours of the officers' arrival, the informant could give favorable information about which individuals did or did not have possession of items found in the bedroom. Defense counsel asserted the informant could also provide information concerning Officer Putman's belief that defendant was in the apartment. Defense counsel did not request an in camera hearing. The prosecutor responded that defense counsel's assertion about the informant possibly being in the apartment was insufficient to require disclosure of the informant's identity.

After taking a recess to read the cases defense counsel had cited and other case authority, the trial court permitted Officer Putman to assert the confidential informant privilege and denied defendant's motion to disclose the identity of the informant. The trial court said there was no evidence the informant was present when the officers discovered cocaine in the apartment, and noted that the informant would not be able to provide information about guilt on the charge of possession for sale. The trial court ruled defendant was not entitled to discover the identity of the informant merely to attack probable cause for the search.

Defendant subsequently renewed his motion to suppress evidence and for disclosure of the identity of the confidential informant. He argued the confidential informant was a material witness on the issue of his guilt or innocence because the informant was a participant and/or percipient witness to the charged offense or the antecedents of that offense.

At the hearing on defendant's motions, defense counsel asserted a belief that the evidence would show the following: within five hours of when the officers went into the apartment, the informant was a percipient witness to the charged offenses; the informant would provide exonerating information to establish the affirmative defense that defendant was only an overnight guest and not a resident; the baseball cap did not belong to defendant; defendant did not have knowledge or possession of the bags of cocaine hidden

6

underneath the baseball cap; the informant would testify that other people in the apartment owned and controlled the hat and the bags of cocaine.

Defense counsel added that if the trial court was not satisfied with defendant's prehearing showing, he requested an in camera hearing to divulge to the trial court more information in his possession about what the informant would know and provide. Defense counsel later reiterated, "I believe I have enough information that I can't disclose here in court, but I will disclose in an in-camera to be able to establish that I'm convinced this person will exonerate [defendant.] And it's not based on a possibility. I think it's based on substantially more information, but I can't do it here in court without violating certain obligations that I cannot violate, and I will not in open court."

The trial court denied defendant's request for an in camera hearing. It said defendant had not satisfied the threshold showing that he was entitled to disclosure of the informant's identity. And there was no reasonable possibility the informant could provide exonerating evidence.

B

A public entity has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a law when (1) the information is provided in confidence to a law enforcement officer, (2) the privilege is claimed by a person authorized by the public entity to do so, and (3) disclosure of the identity of the informant is against the public interest because the necessity for preserving the confidentiality of his or her identity outweighs the necessity for disclosure in the interests of justice. (Evid. Code, § 1041, subds. (a)(2), (b).) The confidential informant privilege is based on a balancing of the public interest in protecting the flow of information to law enforcement officials against the defendant's right to prepare his defense. (*People v. Hobbs* (1994) 7 Cal.4th 948, 964 (*Hobbs*); *People v. Hardeman* (1982) 137 Cal.App.3d 823, 827 (*Hardeman*).) In this context, the California Supreme Court distinguishes between a " 'mere informer' " and a "material witness for the

7

defense." (*People v. Garcia* (1967) 67 Cal.2d 830, 836 (*Garcia*).)  A " 'mere informer' " " ' "simply points the finger of suspicion toward a person who has violated the law.  He puts the wheels in motion which cause the defendant to be suspected and perhaps arrested, but he plays no part in the criminal act with which the defendant is later charged." ' " (*Ibid.*)  "An informant is a material witness if there appears, from the evidence presented, a reasonable possibility that he or she could give evidence on the issue of guilt that might exonerate the defendant." (*People v. Lawley* (2002) 27 Cal.4th 102, 159 (*Lawley*).)

The confidential informant privilege applies to a " 'mere informer.' " (*Garcia, supra,* 67 Cal.2d at p. 836 [discussing the predecessor statute to Evidence Code section 1041].)  But the prosecution must disclose the name of an informant who is a material witness in a criminal case or suffer dismissal of the charges against the defendant.  (*Lawley, supra,* 27 Cal.4th at p. 159; *Garcia, supra,* 67 Cal.2d at p. 836.)

When a party in a criminal proceeding demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the trial court must conduct a hearing outside the presence of the jury at which all parties may present evidence on the issue of disclosure.  (Evid. Code, § 1042, subd. (d).)  "During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. . . .  The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes

that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (Evid. Code, § 1042, subd. (d).) Evidence Code section 1042 does not state that a defendant may request an in camera hearing.[2] (*In re Benny S.* (1991) 230 Cal.App.3d 102, 107; *People v. Ingram* (1978) 87 Cal.App.3d 832, 840.)

In any event, "[i]t is incumbent on the defendant to make a prima facie showing for disclosure before an in camera hearing is appropriate." (*People v. Oppel* (1990) 222 Cal.App.3d 1146, 1152 (*Oppel*); see *People v. Fried* (1989) 214 Cal.App.3d 1309, 1314-1315 (*Fried*).) Where the defendant claims the trial court erred in denying his motion for disclosure of a confidential informant's identity, the defendant bears the burden of showing that the confidential informant has information which would be material to the defendant's guilt. (*Lawley, supra*, 27 Cal.4th at p. 159; *People v. Gordon* (1990) 50 Cal.3d 1223, 1246 (*Gordon*), overruled on another ground as stated in *People v. Hamilton* (2009) 45 Cal.4th 863, 926.) The defendant meets his burden only where he " 'demonstrates through "some evidence" [citation] that there exists a " 'reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration.' " ' " (*Gordon, supra,* 50 Cal.3d at p. 1246*;* see *Lawley, supra*, 27 Cal.4th at p. 159; *Oppel, supra*, 222 Cal.App.3d at p. 1152.) Even if, to some degree, speculation may properly play a part in the application of the "reasonable possibility" standard, a reasonable possibility finding must be based on some evidentiary showing. (*People v. Tolliver* (1975) 53 Cal.App.3d

---

[2] Defendant cites *Hobbs, supra,* 7 Cal.4th 948, *People v. Luttenberger* (1990) 50 Cal.3d 1, *People v. Navarro* (2006) 138 Cal.App.4th 146 and *People v. Galland* (2004) 116 Cal.App.4th 489 in support of his claim that the trial court abused its discretion in denying his request for an in camera hearing. Those cases concerned the validity of a search warrant. (*Hobbs,* at p. 957; *Luttenberger,* at pp. 6, 21-24; *Navarro,* at p. 163; *Galland,* at p. 494.) They do not involve the issue before us, which is the circumstances under which a trial court must conduct an in camera hearing to decide a motion for disclosure of a confidential informant's identity.

1036, 1044 [the defendant may rely upon reasonable inferences that flow from the prosecution's evidence]; *Williams v. Superior Court* (1974) 38 Cal.App.3d 412, 420-421.)

"In analyzing the evidence actually used to convict appellant and the evidence the confidential informant might have supplied, it is important to bear in mind what offense appellant was found to have committed." (*People v. Alderrou* (1987) 191 Cal.App.3d 1074, 1081.) In this case, defendant was charged and convicted of possession of cocaine for sale in violation of section 11351. The elements of that crime are (1) the defendant exercised dominion and control over the controlled substance, (2) the defendant knew of its presence, (3) the defendant knew of the substance's nature as a controlled substance, (4) the controlled substance was in an amount sufficient to be used for sale or consumption as a controlled substance, and (5) the defendant possessed a controlled substance with the specific intent to sell it. (*People v. Parra* (1999) 70 Cal.App.4th 222, 226; CALCRIM No. 2302.) "[W]here the defendant is charged with constructive possession of narcotics which is imputed by police discovery of contraband in a certain location, the disclosure of a nonparticipating, noneyewitness informant is required only if such an informant has experienced a 'very recent observation of contraband on those same premises . . . [and] if the evidence shows that persons other than the defendant were on the premises when the informer observed the contraband and that the defendant was not then present or may have been not present.' " (*Hardeman, supra*, 137 Cal.App.3d at p. 829, italics omitted.)

No evidence was presented that the informant was a participant or an eyewitness to the crime of possession of cocaine for sale. Officer Putman found the cocaine at issue in a baseball hat, which was in a locked bedroom in which defendant was the sole occupant. There is no evidence the informant was present during the challenged search. (*Hardeman, supra*, 137 Cal.App.3d at p. 829.) There is no evidence the informant had ever been in the apartment or knew the identity of any person, other than defendant, who

10

might have lived at or visited the apartment. There is also no evidence the informant had any information about the presence of cocaine in the apartment or whether defendant knowingly possessed cocaine or intended to sell cocaine.

The informant told Officer Putman that defendant lived at the apartment and defendant bragged about being a fugitive. Officer Putman went to the apartment to execute an arrest warrant for defendant. Nothing in the record suggests the informant discussed cocaine with Officer Putman. The record provides no basis for finding a reasonable possibility that the informant could provide information concerning the charged crime of possession of cocaine for sale.

*Davis v. Superior Court* (2010) 186 Cal.App.4th 1272, a case defendant says controls this case, is distinguishable. In that case the defendant was charged with attempted murder and assault with a firearm; the confidential informant told police he saw the defendant shoot the victim. (*Id.* at pp. 1275-1276.) The Court of Appeal held that while the defendant was not entitled to automatic disclosure of the identity of the informant, the trial court should conduct an in camera hearing to determine whether the informant could give any evidence that might exonerate the defendant because the informant was a percipient witness to the charged offenses. (*Id.* at pp. 1277-1278.) Unlike in *Davis*, there is no evidence in the present case that the informant could be a material witness to the charged offense.

Defendant's trial counsel said he believed the informant would provide information to establish that defendant did not live at the apartment, but there was no evidence supporting defense counsel's assertion. The only evidence before the trial court on that issue was that the informant told Officer Putman defendant lived at the apartment.

Defendant's trial counsel also said he believed the informant was an eyewitness to the charged offense within five hours of the officers' arrival, and the informant would provide information to establish that the baseball cap did not belong to defendant, defendant did not know of or possess the cocaine hidden in the baseball cap, and other

11

people in the apartment owned the baseball cap and possessed the cocaine found in that cap. Defense counsel's argument and belief, unsupported by any evidentiary showing, was not sufficient to satisfy defendant's burden. (*Gordon, supra,* 50 Cal.3d at p. 1246; *Oppel, supra*, 222 Cal.App.3d at p. 1153; *Fried, supra,* 214 Cal.App.3d at pp. 1314-1316.)

Defendant's trial testimony showed he was in the apartment within five hours of the arrival of police officers. Defendant was in a position to know who else was in the apartment at the time. Officer Putman's report contained the names of the people who were in the apartment upon Officer Putman's arrival. Defendant could have subpoenaed the people who were in the apartment at the time of the search and within hours prior to the search to obtain the evidence defendant believed existed. Disclosure of the identity of the confidential informant was not required to protect defendant's right to a fair trial. (*Fried, supra*, 214 Cal.App.3d at pp. 1315-1316; *Hardeman, supra*, 137 Cal.App.3d at pp. 829-830.)

The trial court did not err in denying defendant's motion for an in camera hearing because, in view of the evidence before the trial court, there was no reasonable possibility the informant could give evidence on the issue of guilt which might result in defendant's exoneration.

## II

Defendant next argues the probation search of his residence and the execution of the arrest warrant at 4:00 a.m. was unreasonable, arbitrary, and intended to harass because the police had no reason to enter defendant's residence at 4:00 a.m. except on the basis of the tip of an informant who was not shown to be reliable. Defendant also contends the protective sweep exception to the warrant requirement is inapplicable because there was no indication defendant was armed or dangerous.

12

The Attorney General responds that defendant forfeited his appellate claims because he did not raise those claims in the trial court. We agree with the Attorney General.

A defendant must state the grounds for a motion to suppress evidence with sufficient particularity to give notice to the prosecution of the sort of evidence it will need to present in response. (*People v. Williams* (1999) 20 Cal.4th 119, 123 (*Williams*).) The defendant's burden of specifying the grounds for a suppression motion includes identifying the inadequacy of any justifications for the search or seizure. (*Id.* at p. 130.) "The determinative inquiry in all cases is whether the party opposing the motion had fair notice of the moving party's argument and fair opportunity to present responsive evidence." (*Id.* at p. 135.) A defendant who does not give the prosecution sufficient notice of a claim cannot raise it on appeal. (*Id.* at p. 136.)

Defendant argued in the trial court that the police did not have probable cause to believe defendant lived at the apartment. By contrast, defendant's appellate claims concede the apartment was defendant's residence. Defendant now argues instead that the probation search and the execution of the arrest warrant at his residence was not reasonable and was done with intent to harass him. Because the prosecutor did not have fair notice of the claims defendant now raises or an opportunity to present responsive evidence to such claims in the trial court, defendant's appellate claims are barred. (*Williams, supra,* 20 Cal.4th at p. 136.)

Perhaps anticipating this result, defendant argues his trial counsel was ineffective in failing to present "the strongest arguments for suppression." We interpret his reference to "the strongest arguments for suppression" as referring to his contentions on appeal, i.e., that the probation search of his residence and the execution of the arrest warrant at 4:00 a.m. was unreasonable, and that the protective sweep exception to the warrant requirement is inapplicable because there was no indication defendant was armed or dangerous.

13

To establish ineffective assistance of trial counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to the defendant. (*People v. Maury* (2003) 30 Cal.4th 342, 389; *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 692-693].) If defendant makes an insufficient showing on either one of these components, his ineffective assistance claim fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland v. Washington*, *supra*, 466 U.S. at p. 687 [80 L.Ed.2d at 693].)

The California Supreme Court has said it is particularly difficult to prevail on an appellate claim of ineffective assistance of counsel. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) We review trial counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions. (*Maury, supra*, 30 Cal.4th at p. 389; *Strickland v. Washington, supra*, at p. 689.) Counsel is not ineffective for failing to make a meritless objection or motion. (*People v. Weaver* (2001) 26 Cal.4th 876, 931.) Additionally, "[t]actical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.]" (*Maury, supra*, 30 Cal.4th at p. 389.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai, supra,* 57 Cal.4th at p. 1009.)

There is no indication in the record that defense counsel (1) was asked why he did not raise the arguments now asserted by defendant, and (2) that defense counsel failed to provide a reason. In addition, it was not unreasonable for defendant's trial counsel to

14

argue that Officer Putman had no probable cause or reasonable grounds to believe defendant resided at the apartment, rather than attacking the entry into and search of defendant's residence on the grounds raised on appeal. That is because Officer Putman did not confirm the apartment as defendant's address on the various databases he searched, and Officer Putman did not corroborate the information about defendant's address by means other than asking Blanco prior to entering the apartment. We will not second guess counsel's reasonable tactical decision. (*People v. Stanley* (2006) 39 Cal.4th 913, 954.)

Nevertheless, defendant appears to claim defense counsel was ineffective because he did not argue it was unreasonable, and it was harassment, to search defendant's residence and execute the arrest warrant at 4:00 a.m., particularly when the police contact was based on informant information not shown to be reliable. But there were possible satisfactory explanations for defense counsel's omission.

Regarding a challenge based on the time of the contact, defendant was on probation. Defense counsel could have elected not to object to the time when the search was conducted if the conditions of defendant's probation included a term requiring him to submit his person and place of residence to search at any time of the day or night. Such probation conditions are not uncommon. (See, e.g., *People v. Olguin* (2008) 45 Cal.4th 375, 382; *People v. Bravo* (1987) 43 Cal.3d 600, 602; *People v. Gomez* (2005) 130 Cal.App.4th 1008, 1012; *People v. Alders* (1978) 87 Cal.App.3d 313, 315.) The record does not permit us to evaluate this claim.

The record also discloses no basis for defense counsel to make a claim alleging harassment. Officer Putman determined upon investigation that there was a warrant for defendant's arrest. The officers went to the apartment to execute the arrest warrant. The officers did not go to the apartment on a whim, as defendant suggests.

With regard to defense counsel's failure to attack the reliability of the confidential informant, defendant did not demonstrate that disclosure of the informant's identity was

15

required. It would be difficult for defense counsel to challenge the reliability of the confidential informant when he did not know the informant's identity.

Defendant also appears to claim that his trial counsel was ineffective by failing to assert in the trial court that the protective sweep exception did not apply. But defendant's argument may be somewhat of a red herring: although the prosecutor said the officers conducted a protective sweep of the apartment, the trial court did not refer to officer safety or the protective sweep doctrine in denying defendant's suppression motion. Defendant has not established ineffective assistance given that the trial court did not even mention the protective sweep exception as a basis for its ruling.

Defendant's ineffective assistance claim lacks merit.

### III

Defendant also raises a number of claims with regard to the fines and fees imposed by the trial court.

Defendant says the $2,000 section 11350 fine, $46 monthly probation supervision fee, and $25 urinalysis testing fee must be stricken because those fines and fees may be imposed only when the trial court grants probation, and it did not do so in this case. The Attorney General agrees the $2,000 fine, $46 monthly fee, and $25 testing fee were incorrectly imposed and must be stricken. We agree. (Stats. 2011, ch. 15, § 151 [former § 11350, subd. (d)]; *People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1419, 1422-1423.)

Defendant also argues the trial court erred in imposing a $40 court security fine (Pen. Code, § 1465.8), a $30 criminal assessment fine (Gov. Code, § 70373), and a $702 presentence report fee because the probation officer's report recommended those fines and fee only if the trial court granted defendant probation. But the probation report does not support defendant's contention that the challenged fines and fee were to be imposed only in the event of a grant of probation. The trial court did not err in that regard.

16

Defendant further asserts the abstract of judgment fails to indicate that the $702 presentence report fee was subject to a financial evaluation. The trial court's minute order states defendant shall report to the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay the $702 presentence report fee. The abstract of judgment lists the $702 presentence report fee, but does not identify the requirement for a financial evaluation and ability to pay recommendation. The abstract of judgment must be modified to include the requirement.

## DISPOSITION

The judgment is modified to strike the $2,000 fine imposed pursuant to section 11350, the $46 monthly probation supervision fee, and the $25 urinalysis testing fee. The judgment is affirmed as modified. The trial court is directed to amend its June 21, 2013 minute order and order of probation and the abstract of judgment to reflect the judgment as modified and to correct the abstract to state that with regard to the $702 presentence report fee, defendant shall report to the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay. The trial court shall forward a certified copy of the amended and corrected abstract of judgment to the California Department of Corrections and Rehabilitation.


               /S/
               MAURO, J.


We concur:


   /S/
BLEASE, Acting P. J.


   /S/
ROBIE, J.

17